ISABELL *v.* ISABELL.

1. DIVORCE—DIVISION OF PROPERTY—MODIFICATION OF DECREE.

Decree of divorce, silent as to payment of delinquent taxes on mortgaged property awarded to wife and upon which the husband was ordered to pay the mortgage, is modified to require husband to pay such taxes, where it appears that he made an ambiguous statement at hearing by friend of the court, which led the wife and the court to believe that all taxes had been paid to date and consent decree was agreed to by her upon that understanding.

2. SAME—CONSENT—AMBIGUITY.

A court has power to modify a consent decree as to property settlement without the consent of both parties thereto, where the decree was obtained by reason of ambiguous statements of the party objecting to the modification, which misled the petitioner for modifying the decree to agree thereto.

Appeal from Wayne; Webster (Arthur), J. Submitted April 10, 1952. (Docket No. 30, Calendar No. 45,336.) Decided May 16, 1952.

Divorce proceedings between George A. Isabell and Iva S. Isabell. On petition for amendment of decree to require payment of certain taxes by plaintiff. Decree amended. Plaintiff appeals. Affirmed.

*Roxborough & Roxborough,* for plaintiff.

*Luvenia D. Dockett,* for defendant.

NORTH, C. J. This is an appeal by plaintiff from an order modifying a divorce decree. On October

19, 1950, an interlocutory decree of divorce was entered, which, by embodying a property settlement, granted a certain piece of real estate on Norwood avenue, Detroit, to the wife and cross-plaintiff, Iva S. Isabell, appellee herein. At the time there was a mortgage on this property, the amount due being $2,200. The decree provided that Iva S. Isabell should take the property free and clear of any claim or interest on the part of George A. Isabell, and it also ordered George A. Isabell to pay the $2,200 due under the mortgage. This decree was entered by stipulation of the parties. The present record does not indicate that the original decree made mention of any taxes then due on the property.

On December 16, 1950, appellee received a letter from Homer Warren & Company, agent of the mortgagee, demanding that certain delinquent taxes be paid. On December 26, 1950, appellee filed a petition to modify the divorce decree so as to require appellant to pay the back taxes. In her petition she alleged that appellant had given false testimony at the friend of the court's hearing, incident to the original case, in regard to his payment of the taxes, and had thus fraudulently led her to believe that the taxes were all paid. The particular testimony to which she made reference is as follows: George A. Isabell on cross-examination by Mr. Nayer, attorney for appellee, testified:

"*Q.* Did you pay the taxes on this property on Norwood?

"*A.* I paid all the taxes that has been paid on Norwood since April 6, 1936.

"*Q.* You paid all taxes up to the present out of your own money?

"*A.* Yes."

In resisting appellee's petition, appellant answered her contention of fraud by asserting that what he

meant by his answer to the second question was that he had paid all of the taxes *which had been paid up to that time* out of his own money, which statement was true.

The lower court granted the petition of appellee, and required plaintiff to reimburse defendant for payment made of the accrued taxes in the amount of $968.46; and also to pay to the city of Detroit part 4 of the special paving assessment against the Norwood property in the amount of $53.62. In his opinion the trial judge stated:

"If there is any ambiguity in the words that he (plaintiff) used, having used the words he is responsible for the ambiguity and the other party had a right to rely upon the words spoken in their ordinary meaning. As the testimony now stands, cross-plaintiff was undoubtedly misled by this testimony of the husband."

We are in accord with the conclusion of the circuit judge that plaintiff by his evasive answer as to his having "paid all taxes up to the present," did mislead defendant, and also the trial court, in failing to provide in the property settlement portion of the decree that all taxes then due upon the Norwood property should be paid by plaintiff. At least, the record justifies the conclusion that plaintiff when entering into the stipulation with defendant as to the property settlement deliberately suppressed information which he possessed, but which defendant did not possess, and which resulted in failure to embody in the decree a provision that accrued taxes should be paid by plaintiff. Under such circumstances plaintiff's contention that as a matter of law the court was without power to modify the consent decree as to the property settlement without consent of each of the parties to such modification, is not tenable.

The amended decree as entered in the circuit court is affirmed; provided however, that appellant

shall have 20 days after the filing of our opinion herein within which to make such payments. Appellee may have costs of this appeal.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.