### SMITH v. SMITH.

1. DIVORCE—DIVISION OF PROPERTY—VALUES.

Decree of divorce providing for sale of the home of the parties at public auction and equal division of the proceeds between the parties is not disturbed on appeal, where it appears to be in accord with the just rights of the parties and division made recognized husband's claim that while the value of the home in the wife's name at the time of the marriage was $3,500 and the present value of their equity was $11,000, the husband had made payments on the mortgage and expended labor exceeding 1/2 the present net value of the property.

2. SAME—CREDIBILITY OF WITNESSES.

The trial judge in a suit for divorce is in a better position than is the Supreme Court to pass upon the credibility of witnesses.

3. SAME—DIVISION OF PROPERTY—EVIDENCE.

The division of property in a divorce case must be determined on the basis of the facts established by the proofs and is not governed by any mathematical formula or by fixed rules.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 17 Am Jur, Divorce and Separation § 445.
[2, 4] 3 Am Jur, Appeal and Error §§ 858, 885, 897, 912.

4. SAME—DE NOVO REVIEW—FINDINGS OF COURT—CREDIBILITY OF
   WITNESSES.

    The Supreme Court on *de novo* review of a suit for divorce is
       not restricted by the findings of the trial court but gives
       especial consideration to such findings that are largely based
       upon the credibility of the witnesses and will not reverse
       findings made unless convinced it must have reached a dif-
       ferent conclusion had it occupied the position of the lower
       court, under like circumstances.

5. SAME—COSTS.

    No costs are allowed upon affirmance of decree of divorce,
       where wife appealed.

Appeal from Muskegon; Campbell (Howard L.),
J., presiding. Submitted April 11, 1952. (Docket
No. 56, Calendar No. 45,389.) Decided June 2, 1952.

Bill by Alden Smith against Julia Smith for di-
vorce on ground of extreme and repeated cruelty.
Cross bill by defendant against plaintiff for divorce
on ground of extreme and repeated cruelty. Decree
granting divorce to defendant and making provision
for settlement of property. Defendant appeals, Af-
firmed.

*Robert A. Carr, Jr.,* for plaintiff.

*Leo W. Hoffman,* for defendant.

CARR, J. The parties to this case were married
in August, 1945, and separated in November, 1949.
One child was born of the marriage, a son now 6
years of age. Following the separation plaintiff
instituted suit for divorce and defendant filed a
cross bill asking like relief. Answers to said plead-
ings were filed and the case proceeded to trial. Fol-
lowing the introduction of part of the proofs the
parties stipulated in open court for the withdrawal
of plaintiff's bill of complaint and his answer to the

cross bill, and to permit defendant and cross-plaintiff to proceed on her cross bill, with the matters of property settlement and support of the minor child of the parties subject to determination by the court.

On the submission of the proofs the trial court granted a decree of divorce to the cross-plaintiff awarding her the custody of the child and requiring cross-defendant to pay $10 per week for the support thereof. Cross-plaintiff was also given the household furniture, with certain minor exceptions. The home of the parties, which they owned as tenants by the entireties, was ordered to be sold at public auction under the direction of a circuit court commissioner of the county, and the proceeds divided equally between cross-plaintiff and cross-defendant. The provision so made for cross-plaintiff was declared to be in lieu of her dower rights and in full satisfaction of all her claims in property owned by the cross-defendant or which he may hereafter acquire.

Cross-plaintiff has appealed, claiming that the provisions of the decree relating to the sale of the home and the equal division of the amount realized therefrom are not in accord with her just rights. The other provisions of said decree are not questioned. Appellant emphasizes the fact that at the time of the marriage she owned the property in question, subject to a mortgage. The record indicates that the home was not fully completed at the time, and it is the claim of cross-defendant that he expended money and labor in improving the property, thereby enhancing its value. It further appears that he made substantial payments on the mortgage. By action of the parties title was vested in them as tenants by the entireties.

On the trial in circuit court it was the claim of cross-defendant, in substance, that the value of his labor on the property, together with the expendi-

tures made by him, equalled or exceeded ½ the
present net value of the equity of the parties in the
property, which is approximately $11,000. Cross-
defendant testified, also, that the value of the home
at the time of the marriage was approximately
$3,500. Such estimate and the claim as to the amount
of the increase in value due to cross-defendant's
labor and expenditures are challenged by appellant.
The opinion of the trial judge indicates that he
decided the disputed issues of fact in favor of the
cross-defendant. His conclusions are fully sup-
ported by the record. He was in better position
than is this Court to pass on the credibility of the
witnesses in the case.

The division of property in a divorce case must
be determined on the basis of the facts established
by the proofs. It is not governed by any mathe-
matical formula or by fixed rules. *Tyson* v. *Tyson*,
283 Mich 192; *Cooley* v. *Cooley*, 320 Mich 209. It is
apparent from the record that the trial judge con-
sidered carefully and fully the testimony before him
and the claims of the parties. We are not prepared
to say that had we been in his position we would
have reached a different conclusion. It cannot be
said that the property division decreed is not in
accord with the just rights of the appellant.

In *Chubb* v. *Chubb*, 297 Mich 501, 506, it was said:

"While we are not restricted by the findings of the
circuit court, a divorce case on appeal being heard
*de novo*, especial consideration is given to such find-
ings, so largely based upon the credibility of the wit-
nesses, and the reviewing court ought not to reverse
the determination of the trial court in such a case,
unless convinced that it must have reached a dif-
ferent conclusion had it occupied the position of the
lower court, under like circumstances. *Brookhouse*
v. *Brookhouse*, 286 Mich 151; *Stratmann* v. *Strat-*

*mann,* 287 Mich 94; *Westgate* v. *Westgate,* 291 Mich 18."

The language, above quoted, is applicable under the facts in the case at bar. The decree is affirmed, but in view of the nature of the controversy no costs are allowed.

NORTH, C. J., and DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.