## COSHER *v.* COSHER.

1. DIVORCE—NONSUPPORT—PLEADING—EVIDENCE. .

   Nonsupport, entitling defendant wife to decree of divorce on her cross bill *held*, to have been sufficiently pleaded and proved, under record presented.

2. SAME—EXTREME CRUELTY—EVIDENCE.

   Trial court's finding that plaintiff husband had failed to support his claim of extreme and repeated cruelty on the part of defendant wife *held*, proper.

3. SAME—DIVISION OF PROPERTY.

   Division of assets of childless couple, valued at approximately $90,000. at end of 12-year marriage whereby wife received $43,500 and the husband $46,500 *held*, fair under record showing wife had worked for various employers during the marriage, had some property prior thereto and that husband's earnings were substantially greater than the wife's.

4. SAME—DIVISION OF PROPERTY—EQUITY.

   The adjustment of property interests of parties to suit for divorce must be made on the basis of the facts adduced, as there is no fixed rule of division that can be applied, the end to be sought being a fair and equitable division under all of the circumstances involved.

5. RECEIVERS—DIVORCE—DISCRETION OF COURT—APPEAL.

   The appointment of a receiver to take over the assets of parties to suit for divorce is a matter of discretion of the trial court, where the assets totalled $90,000, and such appointment is not disturbed on appeal from decree of divorce, where no application for leave to appeal from the order of appointment had been made to Supreme Court.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 17 Am Jur, Divorce and Separation § 335.

[2] 17 Am Jur, Divorce and Separation § 437.

[3, 4] 17A Am Jur, Divorce and Separation § 926.

[5] 17A Am Jur, Divorce and Separation § 938.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted April 9, 1959. (Docket No. 33, Calendar No. 47,552.) Decided June 6, 1959. Rehearing denied July 13, 1959.

Bill for divorce by George G. Cosher against Susie Cosher. Decree for defendant on cross bill. Plaintiff appeals. Affirmed.

*George L. Ginger*, for plaintiff.

*Russell E. Knister*, for defendant.

CARR, J. The parties to this case were married on September 11, 1943. No children were born of the marriage. Both were employed by the Ford Motor Company and so continued during the time that they lived together in the marital relation. In 1953 some dispute arose with reference to contributions to common business ventures, and the wife filed suit for divorce. It seems to be agreed that the matters involved were of like character to those at issue in the present proceeding. A reconciliation was effected, apparently involving condonation of conduct of which either of the parties complained, and an agreement was made that all of their real estate holdings would be changed to tenancies in common. Such agreement was carried out. Mrs. Cosher turned over her earnings to her husband who handled the matter of their investments.

The present suit was started by the filing of plaintiff's bill of complaint on November 10, 1955. He sought a decree of divorce on the ground of extreme and repeated cruelty. The property interests of the parties were set up in the pleading at some length, and plaintiff sought an adjustment thereof. Defendant filed answer and cross bill, in effect charging plaintiff with responsibility for the marital difficul-

ties of the parties and asking that a decree of divorce be granted to her.

Following a hearing in the circuit court a decree was entered on the cross bill, the circuit judge specifically finding that plaintiff had not established his right to the relief sought by him. Accordingly his bill of complaint was dismissed. The decree provided for a division of the property interests of the parties, the trial court having the benefit of the report and recommendations with reference thereto from a circuit court commissioner to whom the matter had been referred for the taking of proofs relative to this phase of the controversy. Being dissatisfied with the decree as entered, plaintiff has appealed, claiming that on the record made cross plaintiff was not entitled to a divorce on the grounds of nonsupport, as found by the trial judge, that the divorce should have been granted to plaintiff, and that the property division was inequitable.

The cross bill filed by Mrs. Cosher alleged in paragraph 4(b) thereof as follows:

"That the plaintiff and cross defendant is miserly and niggardly about money and has not, since the marriage of the parties, bought the defendant and cross plaintiff any clothing or any of the other necessities of life except the food furnished for their table and this he is not now furnishing since he departed from the home of the parties of his own volition in May of 1955."

In substance it is the claim of counsel for appellant that the conduct referred to in the language above quoted was merely a part of cross plaintiff's claims with reference to alleged extreme and repeated cruelty on the part of plaintiff and cross defendant. Apparently the trial judge construed the averments of fact set forth in said language as alleging nonsupport and granted a divorce to cross plaintiff on that ground, which he found supported

by the proofs. With respect thereto the following testimony of plaintiff and cross defendant is significant:

"*Q.* Mr. Cosher, the reason why you had these arguments was because of money; was it not?

"*A.* Yes, money.

"*Q.* During the time you were married to your wife, how many dresses did you buy her?

"*A.* I buy her one.

"*Q.* One?

"*A.* Yes.

"*Q.* How many pairs of shoes did you buy her?

"*A.* None.

"*Q.* What other clothing did you ever buy her?

"*A.* None, because she made it herself, and she had the money to buy it herself.

"*Q.* And that was her own money; was it not?

"*A.* Yes. I didn't touch her money.

"*Q.* You bought the food for the table?

"*A.* Yes.

"*Q.* And that is the limit of what you contributed to this marriage?

"*A.* And what there was to the buildings.

"*Q.* But that is all that you contributed to the marriage?

"*A.* Yes.

"*Q.* You didn't buy your wife anything?

"*A.* No.   *   *   *

"*Q.* And she bought all the pillow cases, and the sheets; did she not?

"*A.* As far as I know. I don't know where she bought it.

"*Q.* And she bought that from money that she made herself?

"*A.* Well, yes. She had money. Yes.

"*Q.* And it was money for which she worked at day labor?

"*A.* Yes."

It may be noted further that defendant and cross plaintiff testified that the dress that plaintiff claimed

he had purchased for her was bought before their marriage, and that she had bought her own clothing, doing sewing and similar labor aside from her employment at the Ford Motor Company. Without discussing the matter in further detail, we are not prepared to say that the trial judge was in error in concluding that the bill of complaint set forth facts constituting a charge of nonsupport, or in granting a decree to cross plaintiff on that ground. Our attention has been directed to certain testimony on her part, as set forth in the transcript filed as a part of the original return made to this Court on the appeal, to the effect that cross defendant was a "good provider." Her further testimony, however, read in connection with that of plaintiff, above quoted, indicates that she was referring to his providing food for the parties. It is not disputed that he did so for the benefit of himself as well as for defendant and cross plaintiff. Based on the testimony in the case we are in accord with the conclusion of the trial judge that the proofs were insufficient to establish plaintiff's claim of extreme and repeated cruelty on the part of defendant and cross plaintiff.

At the time of their marriage each party had certain property interests, the exact value of which does not clearly appear from the record. The earnings of both went into a common fund with which other property was acquired. They resided in a house on Livernois street which was the sole property of cross plaintiff until they converted all of their real estate holdings into tenancies in common, pursuant to the agreement made as the basis for the dismissal of the prior divorce suit in January, 1954. In the division of the real property interests between the parties the home on Livernois was given to cross plaintiff. She was also given 3 other parcels and the sum of $6,500 in cash from moneys that the parties had

on hand. The remainder of the property was decreed to belong to plaintiff and cross defendant. The trial judge concluded that the total value of all assets of the parties was approximately $90,000, and the division resulted in giving to cross plaintiff property of the value of approximately $43,500, and to cross defendant property aggregating in value the sum of $46,500.

On behalf of appellant it is insisted that approximately an even division of the property interests that the parties had in common was made, that the husband's earnings were substantially greater than those of the wife, and that the division should have been made on the basis of contributions to the cost of the various parcels of real estate. However, there are other factors obviously entering into the matter. While it does not appear that the parties in converting their real estate into tenancies in common, following their adjustment of difficulties causing the prior divorce case, specifically stated that their interests should be equal, it is significant that no agreement was made indicating a different understanding. From such facts as appear in the record before us tending to throw light on the matter, it is a fair inference that they intended that they would have equal interests in the property acquired as a result of the earnings of both merged in a common fund over which plaintiff and cross defendant had control.

It is obvious that an equal division was not made by the trial judge. Apparently he sought to arrive at a result fair to each, on the basis of the facts disclosed by the proofs. This involved consideration of the fact that prior to January of 1954, when it was converted into a tenancy in common, defendant and cross plaintiff owned the Livernois street home in which the parties resided. She had acquired her interest therein prior to the marriage. During

the time that the parties lived together she not only worked at the Ford Motor Company but also engaged in other employment when available. Aside from the food that she had, she supported herself. It is a fair conclusion that her activities resulted in lessening the financial obligations of the plaintiff and cross defendant. Undoubtedly the parties were equally desirous of making investments that would result to the advantage of both.

Prior to the entering of the decree the parties reached an agreement for a division of their property interests substantially as was later made by the court. Subsequently plaintiff became dissatisfied with the proposed arrangement and refused to recognize it. In consequence the task was committed to the court of making a fair division in the light of the proofs that had been introduced on the trial. Obviously much thought was given to the matter, and we do not think that either party has just cause for complaint as to the result. In any case of this character the adjustment of property interests must rest on the basis of the facts. There is no fixed rule of division that can be applied. *Hallett* v. *Hallett,* 279 Mich 246. The end to be sought is a fair and equitable division under all of the circumstances involved. *Cartwright* v. *Cartwright,* 341 Mich 68.

Appellant further complains because the trial court appointed a receiver, on petition of the cross plaintiff, for the collection of rents and the performance of other duties necessary to the proper operation of the various properties of the parties. It is contended that such action was unnecessary and that plaintiff and cross defendant should have been left in charge of said properties pending the final carrying out of the provisions of the decree. Evidently the trial judge concluded otherwise and in the exercise of his discretion appointed the receiver. The record does not indicate that there was any abuse of dis-

cretion in so doing. It may be noted further that this case is before us on appeal from the decree of divorce. The matter of receivership is not involved. No application for leave to review the order of appointment was made to this Court.

The decree from which the appeal has been taken is affirmed, with costs to appellee.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.