ROSS *v.* ROSS

1. DIVORCE—ALIMONY—CHILD SUPPORT—DISCRETION.

> Awarding alimony and child support payments lower than those requested by plaintiff wife was not an abuse of discretion where it was evident that defendant husband, a pastor, was unemployed because of ill health and the publicity occasioned by the parties' divorce, that the alimony and support awards were possibly more than he could pay out of his income from investments, and that unless he obtained employment or sold some of his assets, he would be unable to make ends meet to support himself.

2. DIVORCE—ATTORNEY'S FEES—DISCRETION.

> Awarding plaintiff wife attorney fees in a lower amount than the sum which her attorneys charged her was not an abuse of discretion where the divorce took but one day to try and the needs of the wife, the ability of the husband to pay, and the difficulty of the case were factors considered.

3. DIVORCE—PROPERTY SETTLEMENT—MODIFICATION.

> Award to plaintiff wife of 28.8 per cent of parties' total assets required modification of divorce judgment in order to provide a fairer result where the trial court's ascertainment of the annual income necessary to maintain the pre-divorce standard of living enjoyed by plaintiff and the parties' children was based upon the erroneous premise that plaintiff would cash the life insurance policies awarded to her, when she should have been the one to decide whether she wanted to retain or cash those valuable investments even though the annual premiums amounted to about $2,000 a year.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 630 *et seq.*
[2] 24 Am Jur 2d, Divorce and Separation § 580.
[3, 4] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*

4. DIVORCE—INHERITANCE—DISCRETION.

> A wife may be entitled under certain circumstances to share in
> property inherited by her husband after marriage; however,
> where the pre-divorce living standards of plaintiff wife and
> the parties' children had been adequately secured by alimony,
> child support, and property settlement awards, the trial court
> did not abuse its discretion in refusing to award to the wife a
> portion of defendant husband's interest in his father's estate
> which was being probated at the time of the parties' divorce.

Appeal from Berrien, Karl F. Zick, J. Submitted Division 3 February 3, 1970, at Grand Rapids. (Docket No. 6,688.) Decided May 26, 1970.

Complaint by Victoria Ann Ross for divorce from Harry Stewart Ross. Judgment of divorce granted. Plaintiff appeals alimony, children's support, property settlement, and attorney fees provisions. Judgment affirmed as modified.

*Hartwig, Crow & Jones,* for plaintiff.

*Buesser, Buesser, Snyder & Blank* and *Killian, Spelman & Taglia,* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

HOLBROOK, P. J. This is an appeal by plaintiff, Victoria Ann Ross, wife, from the alimony, children's support, property settlement, and attorney fees provisions contained in a judgment of divorce granted her from defendant husband, Harry Stewart Ross.

Both plaintiff and defendant were residents of Berrien County before their marriage, and were members of very fine families. They were married

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

in 1954 while they were studying in England. Both parties have enjoyed the benefits of higher education, the husband being an ordained minister, and the wife having graduated from college and having been awarded a Fulbright scholarship for study at the Old Vic Theatre school in London. Before their marriage, defendant's father gave him 3,500 shares of the common stock of Clark Equipment Company which has appreciated over the years and through stock dividends the number of shares have multiplied several times.

There are four children of the marriage, Sarah C. B., Deborah H. (St. Andrew), Harry Beach and James Patrick Stewart, respectively 12, 10, 9 and 7 years of age.

In 1959 defendant's father deeded to defendant six acres of valuable land on Lake Michigan together with a very fine house situated thereon. This has been their family homestead since that time.

The defendant husband, held the important position of pastor of one of the churches in St. Joseph, and because of his health and the publicity occasioned by the divorce proceedings, he resigned that position. His salary and expenses while serving in that capacity amounted to $725 per month. Since the divorce defendant has not been employed. The wife has not actively been engaged in her profession of acting, but did accept a contract for a few weeks in 1966 and received $650 as salary.

The father of defendant husband during the marriage and until his death in 1966 was very kind to all members of the family. Unknown acts of kindness may have been many, but those brought to light in this case include gifts of life insurance policies and payment of premiums to the son; gift of stocks and three $50,000 life insurance policies on the life of defendant assigned to the wife, in-

cluding the payment of premiums to the extent that
the cash values of the policies at the time of the
divorce were worth more than $32,000 (defendant's
mother paid premiums on these policies subsequent
to defendant's father's death); gifts of stocks, cash,
life insurance policies, including payment of pre-
miums to each of the grandchildren, and an irrev-
ocable trust for each of the grandchildren consist-
ing of substantial stocks and cash.  The proceeds
of the trusts are payable to the children as they
arrive at age 21 with the provision that the pro-
ceeds may be used if needed before that time.  The
defendant father and a bank in Benton Harbor are
at the present time co-trustees of these trusts.

The assets owned by the children in their own
right and the holding of the trusts are substantial
and assure the caring for the needs of the children
if other sources fail.

The assets of the defendant husband as of May
24, 1968 and shown in plaintiff's exhibit 1 are as
follows:

| | |
|---|---|
| Stocks and cash | $677,614.70 |
| Real estate (including house and 6 acres of land) | $122,500.00 |
| Cash surrender value of life insurance policies | $ 35,000.00 |
| Other receivables | $ 11,000.00 |
| | $846,114.70 |

with liabilities of $100,790.78 made up of loans from
banks, leaving net assets of $745,323.92.

The assets of plaintiff, Victoria Ann Ross, were
automobile $1,500 (estimated), stocks and bonds
$7,600, cash value of three $50,000 life insurance
policies on life of defendant husband $32,563, for a
total of $42,663.  The net assets of both plaintiff
and defendant together totaled $788,149.92.

The trial court granted plaintiff a judgment of divorce on the grounds of extreme cruelty which provided in part for plaintiff to have custody of the children and for defendant to pay for children's support $600 per month ($150 per month for each child) and, in addition, to pay any extraordinary educational expenses (including, but not limited to, costs of private schooling) and/or medical expenses (including, but not limited to, costs of neurological treatment and orthodontia) incurred for and on behalf of said minor children. The court reserved all questions relating to the payment of costs and expenses incidental to the college education of the children for determination upon application of either party at the proper time therefor.

The court awarded alimony to plaintiff wife in the sum of $400 per month, such payments to be terminated upon the death or remarriage of the plaintiff, and should defendant predecease plaintiff and she is not remarried the award shall be a claim and lien against the estate of the defendant.

The court in providing for the property settlement and provision in lieu of dower awarded to plaintiff wife the family homestead located on six acres and household goods and furniture (mutually agreed to be of the value of $100,000); an automobile; $85,000 cash; three life insurance policies on the life of defendant, each in the face value of $50,000 and stocks and bonds of the value of $7,600.

The trial court further required defendant husband to place marketable assets of the value of $100,000 in escrow with a bank in Niles, Michigan, the purpose of said escrow account being to secure alimony and support payments to said plaintiff and to provide for payment to said plaintiff by the escrow agent out of the escrow account any sum or sums of money in default for more than 30 days.

The balance of the assets were awarded to the defendant husband. Attorney fees were awarded to the plaintiff in the sum of $5,000, together with costs of $602.50.

The trial judge in his written opinion stated in reference to these provisions:

"The court sincerely feels that the above provisions made for the plaintiff, Mrs. Ross, and for the children will give the family the security that it needs and will not substantially alter the standard of living that the family has enjoyed."

Plaintiff raises three issues for determination on this appeal.

1. Did the court abuse its discretion in awarding plaintiff $400 per month as alimony and $150 per month (total $600) for each of their four children as support?

2. Did the court abuse its discretion in awarding attorney fees to the wife of $5,000 plus costs of $602.50?

3. Did the court abuse its discretion in awarding to plaintiff for a property settlement the award of the automobile, the family homestead including household goods and furniture, stock and life insurance policies held in her own name, and $85,000 in cash for a total value of $227,663?

I

The alimony and support payments for the children are to assure suitable support and maintenance of herself and the children of the marriage, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case. MCLA § 552.23 (Stat Ann 1970 Cum Supp § 25.103).

Plaintiff asked the trial court to award $300 per month alimony and $2,600 per annum for each child for support until age 14 and then $4,200 per child. Had the court so ordered as requested it would have ordered a total of $14,000 per annum instead of the $12,000.

The income for 1967 of defendant as shown on his income tax return is as follows: dividends, $26,718; salary as pastor $5,500; interest, $1,612; and undistributed capital gain of regulated investment companies, $4,423, for a total of income of $37,279. This income was subject to be reduced by $5,500 because defendant was not employed at the time of the judgment of divorce (the cause of his unemployment was found by the trial court to be ill health and the publicity occasioned by the divorce) and a further sum representing reduced dividends of $3,500 caused by the payment of $85,000 to plaintiff wife as part of the property settlement. After these reductions the gross income of defendant would be $28,279 per year with the following expenses: interest $4,986; medical expenses (1/2) $2,530; and estimated state taxes $800; and estimated federal taxes $2,000 for a total of $10,316. Under these facts the usable income of defendant would amount to $17,963. Out of this sum defendant was required to pay plaintiff $12,000 as allowance and support for herself and the children plus extraordinary medical and educational expenses for the children. It is evident that the alimony and support to be paid by defendant is possibly more than he can pay out of his income. Unless defendant obtains employment or sells some of his assets he will not be able to make ends meet and provide a necessary living for himself.

In the case of *Ackerman* v. *Ackerman* (1966), 5 Mich App 338, 349, we quoted from the case of *Bialy* v. *Bialy* (1911), 167 Mich 559, 565, 566:

"Alimony * * * is an incident of marriage, and based on the underlying principle that it is the duty of the husband to support his wife, not necessarily to endow her. Primarily it signifies, not a certain portion of his estate, but an allowance or allotment adjudged against him for her subsistence, according to his means and their condition in life during their separation, whether it be for life or for years."

In the case of *Socha* v. *Socha* (1966), 5 Mich App 404, 412, 413, we stated:

"The right to alimony arises out of the husband's duty to support the wife under the marriage contract. *Johnson* v. *Johnson* (1956), 346 Mich 418. Although the court's power to grant alimony is not inherent but statutory, *Ritzer* v. *Ritzer* (1928), 243 Mich 406, the statute rests discretion in the court.

"CL 1948, § 552.23, as amended by PA 1964, No 11 (Stat Ann 1965 Cum Supp § 25.103) provides:

" 'Upon every divorce from the bond of matrimony for any cause except that of adultery committed by the wife, and also upon every divorce from bed and board for any cause, if the estate and effects awarded to the wife shall be insufficient for the suitable support and maintenance of herself and such children of the marriage as shall be committed to her care and custody, the court may further decree to her such part of the personal estate of the husband and such alimony out of his estate real and personal, to be paid to her in gross or otherwise as it shall deem just and reasonable, having regard to the ability of the husband and the character and situation of the parties, and all the other circumstances of the case.' "

Considering all the facts in this case as we are required to do under the rule of law hereinabove stated we must conclude that the trial court did

not abuse its discretion in awarding alimony and support payments in the sums ordered.

## II

The plaintiff claims she should have been awarded $7,500 attorney fees, the amount her attorneys charged her, instead of the $5,000 ordered by the court. Factors to be considered in setting attorney fees are: the needs of the wife, the ability of the husband to pay, and the difficulty of the case. 1 Moore and Moore, Michigan Practice: Marriage, Divorce and Separation (2d), § 1364 pp 457, 458. This case took one day to try and we recognize the fact that considerable property was involved and the law applicable to the division thereof was somewhat complicated and that extensive briefs were filed. However, attorney fees have been consistently referred to as being in the discretion of the trial court. *Socha* v. *Socha, supra,* and *Maynard* v. *Maynard* (1950), 329 Mich 247. The court awarded attorney fees of a few dollars more an hour than the amount specified in the minimum fee schedule for the county of Berrien. Under the circumstances present in this case we cannot say that the court abused its discretion in the setting of the attorney fees.

## III

The plaintiff asserts that she should have been awarded one-half of defendant's assets. In plaintiff's brief it is stated:

"A careful analysis of the more recent cases compels one to conclude that there is no rigid rule of one-third or one-half which our Supreme Court follows (*Smith* v. *Smith* [1952], 334 Mich 56; *Johnson* v. *Johnson* [1956], 346 Mich 418). Obviously, the 'ability' of the husband to pay alimony and sup-

port and the assets he is permitted to retain are interdependent. That the legislature contemplated this result is made clear by our Supreme Court in *DeMay* v. *DeMay* (1949), 326 Mich 72, 76, when it said:

" 'the court will provide a property settlement and alimony allowance so that the plaintiff can live under the conditions that they had hoped would exist when they came to the later years of their married life.' "

Plaintiff further claims that the trial judge should not only have carefully considered the vested interest of defendant of 10% in his father's estate but in any event should have at least awarded her one-half of defendant's assets in the event the court disregarded the defendant's interest in the estate of his father.

As we stated in the case of *Socha* v. *Socha, supra,* p 410:

"The rule to be followed in divorces pertaining to division of the property is aptly stated in *Johnson* v. *Johnson* (1956), 346 Mich 418, at p 431, wherein the court stated:

" 'The portion of property awarded to each party depends upon all the equitable factors involved, including the following: source of property, contribution towards its acquisition, the years of married life, the needs of the parties, their earning ability and also the cause for divorce. Even the needs of children may affect the property settlement.'

"See, also, *Stalker* v. *Stalker* (1945), 313 Mich 209; *Wells* v. *Wells* (1951), 330 Mich 448; *Cosher* v. *Cosher* (1959), 356 Mich 567; *Wojcik* v. *Wojcik* (1965), 375 Mich 616."

In the instant case we have a 40-year-old plaintiff and a 42-year-old defendant. They were married 14 years at the time of the divorce judgment. All of the property both real and personal owned by

each was acquired through gift or gifts from the defendant's father. There are four children of the marriage. There was testimony taken from plaintiff to show what sum would be needed to provide her and the children with a living comparable to what they had been accustomed. Specific necessary items that plaintiff testified to showed a need for $1,045 per month. Some items were not mentioned, but needful—such as upkeep and repairs to the home and depreciation on an automobile. The trial judge ascertained that plaintiff under the judgment would be enjoying an $18,250 annual income which would be quite adequate to maintain their present standard of living. Taking into consideration the property of the children and the provision for their welfare from the irrevocable trusts created by their grandfather, we must agree.

However, in figuring the $18,250 annual income figure for the plaintiff and the children the court considered that the plaintiff would have $125,000 to invest at 5%, _i.e.,_ $85,000 cash and $32,500 cash value of life insurance policies, and $7,600 of stocks and bonds. This presumes that plaintiff would cash in the life insurance policies which we feel she should not be required to do. These policies of insurance are valuable investments and it should be her choice as to whether they should be retained or cashed in, even though to keep them requires payment of about $2,000 per year. Computing plaintiff's annual income on this basis we find she will have $12,000 from alimony and support awards, plus 5% on $92,600, or $4,630, for a total income of $16,630 per year.

The total net assets of both plaintiff and defendant amounted to $788,149.92 and plaintiff was awarded assets by the trial court valued at $227,663 or 28.8%. In _Paul_ v. _Paul_ (1960), 362 Mich 43, the

Supreme Court modified the decree of divorce as to property settlement so as to "provide a fairer result". On page 47 the Court stated in part:

"While this Court hears appeals in chancery matters *de novo,* it generally does not reverse or modify unless convinced that it would have had to reach another result had it occupied the position of the trial court. *Wells* v. *Wells* (1951), 330 Mich 448; *Ethridge* v. *Ethridge* (1948), 322 Mich 578. For the reasons we have given, we are convinced of this in this case."

We adopt this reasoning of the Supreme Court in the instant case so as to assure plaintiff and the children the income deemed sufficient and necessary by the trial court to live in the manner to which they had been accustomed when living with the defendant. We therefore modify the judgment of divorce insofar as the property settlement is concerned to provide for an additional $32,500 to be paid by defendant to plaintiff within 30 days. This will assure plaintiff and the children, $18,250 annually, heretofore determined by the trial court to be a fully adequate income, and raise her share of the total net assets to approximately one-third.

Plaintiff cites cases for the rule that under certain circumstances a wife may be entitled to share in property inherited by the husband after marriage. *Zimmers* v. *Zimmers* (1956), 346 Mich 28, 35. Also, in *Zimmers* the case of *Reitz* v. *Reitz* (1953), 338 Mich 309, is referred to for the rule:

"It is the accepted rule in this state that there is no rigid rule of division of property in divorce proceedings, the major consideration being the security of living for the wife. See *Mayer* v. *Mayer* (1934), 266 Mich 241."

Each case must be decided upon its own facts. In the instant case practically all of the assets of de-

fendant were acquired as a gift to him from his father; approximately seven-eighths before marriage and one-eighth subsequent thereto. Defendant's father died in July, 1966, and this divorce was commenced in October, 1967, at a time when the estate of the father was being probated and at the date of the hearing before this Court, the probating of the estate was still in progress. We conclude that the living of the plaintiff and the children have been adequately secured and although the trial court carefully considered the 10% interest of defendant in his father's estate, as it was rightfully permitted to do, the facts did not require it to award a portion of the said estate to the plaintiff.

A judgment will enter here modifying the judgment of the trial court in the particular mentioned and otherwise it is affirmed. Plaintiff may have costs including an attorney fee in the sum of $1,500 payable to counsel representing her on this appeal. Such judgment shall further provide that the cause be remanded to the circuit court for enforcement and for such further proceedings as may be required or advisable.

Affirmed as modified.

All concurred.