### CRANE v. CRANE

1. DIVORCE—APPEAL AND ERROR.
    Findings of the trial court are not set aside where the record fails to show error (GCR 1963, 517.1).

2. DIVORCE—PROPERTY SETTLEMENT—RULE OF DIVISION.
    There is no fixed rule of division of property that can be applied in a divorce case; the adjustment of property interests must rest on the basis of the facts, the end to be sought being a fair and equitable division under all the circumstances involved.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 868, 931.
[2] 5 Am Jur 2d, Appeal and Error §§ 868, 931.
   24 Am Jur 2d, Divorce and Separation § 925.

Appeal from Hillsdale, Robert W. McIntyre, J. Submitted Division 2 February 7, 1969, at Detroit. (Docket No. 6,098.)   Decided May 29, 1969.

Complaint by B. Jean Crane against Warren Crane, Sr., for divorce. Judgment of divorce and property settlement rendered. Defendant appeals. Affirmed.

*Dimmers & Moes,* for plaintiff.

*Harvey A. Koselka,* for defendant.

BEFORE: LESINSKI, C. J., and T. M. BURNS and J. J. KELLEY,* JJ.

KELLEY, J.   To plaintiff's complaint alleging extreme cruelty, defendant filed an answer in the nature of a general denial. Defendant demanded a "bill of particulars". Plaintiff responded by filing a 12-paragraph "More Definite Statement as to Claim". Defendant did not plead any affirmative defenses.

On appeal defendant poses two questions, neither of which is determinative of the issues involved.

1. "Should a married woman who associates freely and openly with a divorced man be denied a judgment of divorce?"

On trial plaintiff produced four witnesses, including herself; only defendant testified on his behalf. After seeing and hearing the witnesses, the trial court rendered an operose, 12-page opinion, concluding:

"There was absolutely no testimony of improper action between this third party and the plaintiff."

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

"In his testimony, the defendant indicated * * * as a blanket allegation that during the course of the marriage the plaintiff continually associated with men other than himself and this was the reason why on occasions he assaulted her. As previously stated in this opinion, there is no evidence whatsoever as to identity as to persons, times or places of such associations, and the court cannot accept such testimony as valid evidence in the face of the denial of the plaintiff.

"In short, the court finds that the witnesses of the plaintiff, including her own testimony, were credible, believable, and consistent with other evidence introduced in the case."

Examination of the entire record does not convince us that the findings of the trial court were erroneous in any respect. GCR 1963, 517.1.

2. "In arriving at a fair property settlement, is it proper to return to each party what they possessed at the time of their marriage and to equally divide between them what they have accumulated during the marriage?"

While the proposition thus suggested by defendant might be fair under certain circumstances, the trial court, after thoroughly analyzing the parties' financial activities during the 12-year-old marriage, determined that the circumstances here presented did not justify such a division.

"It is clear that from 1960 up until the time of the separation, and not considering the years 1964 and 1965, the plaintiff brought into this marriage an income of $18,585.08, and during this same period, the defendant brought into this marriage the sum of $17,118.77. Farm income cannot be considered as a product of the work of the defendant here since during those years the farm has shown to have lost a total sum of $1,516.32. The defendant claims he does

not know what the plaintiff has done with her earnings, however, it is evident to the court that it went into the maintenance of herself and the children, for her clothing and children's clothing, some for the food of the family, some upon the obligations of the family, and some to purchase articles of personal property for the use of the defendant such as a Farmall M tractor for which he paid $600, and other items. This court holds that in a marriage of 12 years, when a wife bears four children for a husband, and still earns well in excess of $20,000, which is pooled for the good of the family, she has certainly earned her moiety in the possessions of the parties. In property settlement, therefore, plaintiff is entitled to receive the sum of $12,000."

In any case of this character, the adjustment of property interests must rest on the basis of the facts. There is no fixed rule of division that can be applied. The end to be sought is a fair and equitable division under all of the circumstances involved. *Cosher* v. *Cosher* (1959), 356 Mich 567, 573.

In his own name defendant held title to a farm whose value the trial court determined to be $24,000. Basically, plaintiff received $12,000 as one-half of this valuation, with certain minor adjustments in favor of each party.

Under the circumstances here found to exist, the trial court made a fair and equitable division of property interests.

Affirmed. Plaintiff may tax costs.

All concurred.