MITCHELL v. MITCHELL.

1. DIVORCE—PROPERTY SETTLEMENT—INTEREST OF THIRD PARTIES.
   In a divorce proceeding a court has no power to make a determination of property ownership that would be binding against a third person not a party to the divorce proceedings.

2. APPEAL AND ERROR—RECORD—CLARIFICATION OF DECREE OF DIVORCE.
   Record on appeal from denial of defendant's petition to vacate order clarifying decree of divorce as to disposition of a cottage inadvertently omitted was sufficient to uphold decision made.

3. DIVORCE—CONSTRUCTION OF DECREE—CLARIFICATION.
   It is proper to construe a decree of divorce providing for an adjustment of property rights when the intended disposition requires clarification.

4. SAME—CONSTRUCTION OF DECREE.
   Construction of a divorce decree is to be made with reference to the findings of fact and conclusions of law.

5. SAME—CLARIFICATION OF DECREE—COTTAGE.
   Award to wife of whatever right and title both parties held in cottage on leased land on her petition for amendment of decree was proper where it appears that when original decree was entered, court and counsel had assumed that the cottage was realty rather than personalty and allegation in plaintiff's answer to defendant's petition to vacate such award that $200 was deducted from the cash award recommended to be given plaintiff and cottage valued at $200 was substituted therefor was not objected to by defendant.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 8, 1943. (Docket No. 66, Calendar No. 42,519.) Decided November 29, 1943.

Bill by Mable P. Mitchell against Earl F. Mitchell for divorce on grounds of cruelty. Decree for plaintiff. On motion to vacate order restraining defendant from removing, damaging or entering a cottage. Motion denied. Defendant appeals. Affirmed.

*Kenneth M. Stevens,* for plaintiff.

*Bloom & Bloom,* for defendant.

BUTZEL, J. Plaintiff herein secured a decree of divorce on account of cruelty from defendant. He made no defense nor produced any testimony contrary to that of plaintiff. During the trial the court made a memorandum of the property adjustment that was to be incorporated in more explicit terms in the decree. After allotting certain real and personal property to plaintiff and defendant, he stated in the memorandum:

"The summer cottage which is on leased land, the lease being in joint names for a period of six months during the coming summer, is awarded to the wife. Inasmuch as the building is a part of the real estate, it has no value as property of these parties, and the value of the leasehold is insignificant. The decree may provide, however, that the wife shall have the use of the summer cottage during the period of the lease."

The decree followed the memorandum and stated in regard to the summer cottage that:

"The defendant shall execute whatever papers that may be necessary to release all of his right, title and interest in and to the summer cottage lease now held by the parties hereto."

The decree contained the usual language making the property provisions for plaintiff in lieu of dower and all other interest in the property of defendant and in satisfaction of all claims which she had or might thereafter have in any property of defendant. The summer cottage lease evidently ran for a six-months' period from June 1, 1943, it being customary for the owner of the land to lease cottages for that period each year to cover the summer season. In a petition for injunctive relief filed on April 30, 1943, plaintiff set forth a letter written by defendant's attorneys to the lessor of the property upon which the cottage stood protesting against the owner's refusal to permit defendant to remove the cottage and to have access to the grounds upon which the cottage stood and stating that unless he would come to an understanding, legal proceedings would follow. Plaintiff asked in her petition that defendant be restrained from entering upon the property or molesting her in the occupation of the property or from attempting to remove the building on the property. Shortly thereafter, plaintiff filed an additional petition for an amendment to the decree of March 26, 1942, so as to state that she be awarded any and all claim to ownership or title that defendant may have or claimed to have to the building upon the leased property. The court filed an opinion stating that the court and counsel entered into an error in assuming that the cottage on the leased land was part of the realty and not previously subject to disposition, and that this may have been an unwarranted assumption inasmuch as the owner of the property was not a party to the cause and the ownership had not yet been determined. The court originally had in mind the limitation of its authority to make a determination of property ownership as between the spouses that would be binding against a third per-

son not a party to the divorce proceedings. While mindful of the want of power after the specified period to amend a decree affecting the allocation of property, *Stoutenburg* v. *Stoutenburg,* 285 Mich. 505, the court held that the disposition of the cottage as personalty was inadvertently omitted and that, but for such inadvertence, the cottage would have followed the leasehold and the furnishings of the cottage in the original decree and would have been awarded to the wife. In order to *clarify* the decree and adjudicate any question not included in the original decree, an order was entered restraining defendant from removing, entering, damaging or in any way interfering with the cottage located on the leased land. The court stated that this did not preclude the owner of the land from claiming the cottage to be a part of his estate, but it preserved to plaintiff any right to the cottage as personalty. The court denied a petition on the part of defendant to vacate this latter order.

The case comes to us on appeal on a meager record to which plaintiff objected on the ground that it was entirely insufficient, that both parties had agreed before the referee that the value of the property was $200, and that it was so appraised in the report to the court which ordered a $200 reduction in the recommended cash settlement and the transfer of the cottage to plaintiff as substitute therefor, and that the interpretation of the decree was impossible without the incorporation in the record of all documents, pleadings, evidence and findings in the original proceeding. The record before us does not show what became of plaintiff's objections to the record on appeal, but the trial judge certified it in its present form. The amount involved is so small that evidently appellant tried to limit the expense of printing. His attorney claimed on oral

argument that the cottage was worth $900. There is no testimony to this effect. Evidently the judge concluded that the record as submitted to us was sufficient to' uphold his decision. We agree with him.

The question presented is whether the injunction restraining defendant from interfering with plaintiff's exclusive use of the cottage constituted an amendment of the original decree of divorce or was merely the means to clarify it and enforce it within its intended meaning. The power of the courts to construe a divorce decree in collateral proceedings is not challenged. We have frequently held it proper to construe a decree providing for an adjustment of property rights when the intended disposition requires clarification. In Tessmer v. Tessmer, 261 Mich. 681, Mr. Justice Fead stated:

"In reading a decree of divorce, we do not stand upon strange ground, as when construing an instrument whose purpose and effect are unknown except as they may be gathered from the words used. Proceedings for divorce and the relief to be incorporated in the decree are so familiar to court and counsel that the purpose and character of a provision may be known although it is ineptly expressed. So read, the decree is not ambiguous."

Construction of a divorce decree is to be made with reference to the findings of fact and conclusions of law. Bailey v. Bailey, 53 N. D. 887 (207 N. W. 987); Coffey v. Cross, 185 Ala. 86 (64 South. 95). When so construed the decree in the instant case shows an intent to grant to the wife not only the leasehold but all interest in the cottage previously held by the parties. It seems almost incredible to believe that it was the intention of defendant to reserve any real or supposititious interest he might

have in a cheap cottage on land the lease of which was set aside for his wife. Nothing whatever was said in regard to the ownership of the cottage as between the parties and evidently it was assumed that, if not part of the realty, it went with the lease. This is indicated by the apparent completeness of the decree in disposing of all articles of property and assessing their value in detail even to describing one boat and motor at an agreed value of $10. The plaintiff, in reply to defendant's petition to vacate the order, stated that $200 was deducted from the cash award recommended to be given to plaintiff and the cottage valued at $200 was substituted therefor. No objection to this answer was filed by defendant although the order denying petition to vacate was made the same day the answer was filed. We believe that in clarification and explanation of the decree the court was correct in awarding to plaintiff whatever right or title both parties held in the cottage.

The order of the trial court is affirmed, with costs to plaintiff.

BOYLES, C. J., and CHANDLER, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.