LYTLE *v.* LYTLE.

1. DIVORCE—SEPARATION AGREEMENT—CONSIDERATION BY COURT.
   While a separation agreement between a husband and wife, embodying provision for support of wife and children, may properly be considered by the trial judge in reaching his own independent determination in subsequent divorce proceeding, it is not binding upon him.

2. SAME—MODIFICATION OF DECREE—ALIMONY—PROPERTY SETTLEMENT.
   While a trial judge, in the exercise of his discretion may modify and revise the provisions of a decree as to alimony and, also, the amount of accrued and unpaid alimony providing there is a change in the condition of the parties justifying the modification, property settlement provisions may not be changed except for fraud or for like reasons (3 Comp. Laws 1929, §§ 12739, 12748).

3. SAME—MODIFICATION OF DECREE—CHANGE OF CIRCUMSTANCES.
   Where there is no showing of a change of circumstances justifying a departure from the terms of original decree of divorce as to alimony, order modifying decree in such respect is reversed and remanded for determination of amount of arrearage in accordance with terms of original decree.

Appeal from St. Joseph; Jacobs (Theo T.), J. Submitted June 3, 1947. (Docket No. 8, Calendar No. 43,690.) Decided October 13, 1947.

Divorce proceedings by Mary Lytle against Henry Lytle. On contempt proceedings and petition of defendant to modify decree. Decree modified as to payment of alimony. Plaintiff appeals. Reversed and remanded for further proceedings.

*J. Paul Wait,* for plaintiff.

*Raymond H. Dresser,* for defendant.

Butzel, J. Plaintiff obtained a divorce from defendant on January 22, 1946, on the ground of extreme cruelty. She was awarded the custody of their two children, a girl who would be 17 within a month following the entry of the decree, and a boy 13 years of age. Prior to the filing of her bill of complaint and within two days after she had positive proof of defendant's misconduct, plaintiff entered into a separation agreement with the defendant. Under its terms, plaintiff received an assignment of the land contract for the purchase of their home at a price of $2,300 and on which $1,612.57 was still owing. It was agreed that plaintiff was to have custody of the children and that until the youngest child attained the age of 17, defendant was to pay plaintiff the sum of $30 per week for the support of the children and herself and to enable her to make the payments on the land contract. They further agreed that if a divorce followed, the terms of the separation agreement were to be incorporated into the decree, in which event payments would be made to the county clerk for transmittal to plaintiff. Although such an agreement might be considered by a trial judge in reach-

ing his own independent determination, neither party claims that the agreement was binding on the court.

When the divorce case was heard almost a year later, the separation agreement was introduced in evidence. At the hearing, the judge *sua sponte* suggested that it would be more advantageous to plaintiff to divide the sum of $30 per week into two separate items and that $10 per week be treated as a part of the property settlement and $20 per week be treated as alimony, so that plaintiff might be better able to enforce payment of the larger amount should defendant become delinquent in his payments. Thus, in the decree, under the caption of "Alimony," the trial judge ordered defendant to pay the county clerk the sum of $40 every two weeks for the support and maintenance of the minor children until the further order of the court; and in compliance with Court Rule No. 51, § 5 (1945), under the capition of "Property Settlement," the judge also ordered defendant to pay the sum of $20 every two weeks to the county clerk until the further order of the court. This made a total sum of $30 for each and every week. The customary provision was inserted with reference to release of dower and satisfaction of all other claims of plaintiff to property owned by defendant. The decree also prohibited defendant from remarrying for a period of two years.

On September 6, 1946, less than eight months after the entry of the decree on petition filed by plaintiff, defendant was ordered to show cause why he should not be adjudged in contempt for being in arrears in his payments to plaintiff in the sum of $240. On January 10, 1947, defendant filed a petition to modify the decree on the ground that the oldest child had reached the age of 17 years and was self-supporting. In her counter-affidavit, plain-

tiff admitted that the girl had worked for a brief period but denied that she was self-supporting. She stated that the child was then attending a beauty operator's school; that her expenses for tuition, room, board and bus fare were $20 per week; and that what little money she had saved from her previous earnings would be required for her continued training.

No testimony was taken at the hearing on the order to show cause or on the motion to reduce alimony, although considerable discussion ensued between the court and counsel for the respective parties. Some confusion arose from the fact that the county clerk had entered all of defendant's payments as alimony, whereas the decree specifically provided that $10 per week was part of the property settlement and $20 per week was alimony for the support of the children. Although the decree closely followed the provisions of the separation agreement which had been introduced in evidence at the first hearing, the trial judge stated at the subsequent hearing that he had not formally approved of that agreement. He also stated that he regarded the provision for property settlement payments as a part of the alimony and he held that payments theretofore made by defendant should be allocated to alimony. He also held that alimony for the older child be discontinued as of December 19, 1946, the date on which defendant appeared in response to a writ of attachment issued on plaintiff's order to show cause. The court further found that defendant was not in arrears and entered a new order continuing the alimony at the rate of $20 per week.

The trial judge in the exercise of his discretion may modify and revise the provisions of a decree as to alimony and, also, the amount of accrued and unpaid alimony providing there is a change in the condition of the parties justifying the modification

(3 Comp. Laws 1929, §§ 12739, 12748 [Stat. Ann. §§ 25.97, 25.106]). *Wellman* v. *Wellman*, 305 Mich. 365. With reference to property settlement provisions, however, we have held that such may not be changed except on the ground of fraud or for like reasons. *Ratcliffe* v. *Ratcliffe*, 308 Mich. 488. Both the new order and the original decree in the instant case provide for the payment of alimony at the rate of $20 per week. Although the judge apparently intended to reduce the amount of alimony, he failed to consider that the effect of his ruling was to entirely eliminate the property settlement included in the original decree. Notwithstanding that the judge intended to reduce defendant's total payment to $20 per week, he was not explicit in his findings. Moreover, in view of the fact that no testimony was taken to controvert the allegations contained in plaintiff's counter-affidavit, we do not find a showing of such change of circumstances as to justify a departure from the terms of the original decree. The original decree was entered within one month from the time the girl became 17, and her earnings since then were principally used for the purpose of enabling her to become self-supporting.

The order of the trial court is reversed and a decree will be entered herein remanding the case to the trial court to determine the amount of defendant's arrearage. Each payment heretofore made shall be allocated as follows: two-thirds to alimony, one-third to property settlement. The lower court within its own discretion may give defendant a reasonable time to make the necessary payments. Plaintiff will recover costs on this appeal.

CARR, C. J., and BUSHNELL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.