## PAUL *v.* PAUL.

1. APPEAL AND ERROR—CHANCERY CASE—MODIFICATION OF DECREE.
   The Supreme Court modifies the decree in a chancery case only when convinced that it would have had to reach another result had it occupied the position of the trial court.

2. DIVORCE—DIVISION OF PROPERTY—MODIFICATION OF DECREE.
   Decree of divorce to plaintiff husband is modified on wife's appeal to reduce lien on farm property which she had owned at commencement of 26-year marriage by $3,000 from amount ordered by trial court in order to arrive at a more equitable result in view of wife's age, absence of provision for alimony, and fact that she does not appear to have been gainfully employed since her marriage.

3. SAME—COSTS—MODIFICATION OF DECREE.
   No costs are allowed on wife's appeal in suit for divorce, where decree is modified, since neither party has prevailed in the entirety.

Appeal from Van Buren; Mosier (Carl D.), J. Submitted October 5, 1960. (Docket No. 17, Calendar No. 48,552.) Decided December 2, 1960.

Bill by Deron F. Paul against Florence A. Paul for divorce on grounds of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals in respect to property settlement only. Modified and affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 1170.
[2] 17A Am Jur, Divorce and Separation § 926.
[3] 14 Am Jur, Costs § 98.

*Williams & Williams* (*Lewis R. Williams,* of counsel), for plaintiff.

*Sheldon Rupert,* for defendant.

EDWARDS, J.   After 26 years of marriage, plaintiff-appellee Deron Paul, a Van Buren county farmer, sued his wife for divorce.  The husband's bill of complaint charged various acts of cruelty to his wife, all of which she denied in her answer.  No cross bill was filed.

At trial defendant wife took the stand but aside from a general denial made no effort to rebut her husband's testimony as to the conduct on her part upon which he relied as grounds for divorce.  The circuit judge found:

"The charges made by the plaintiff and testified to by him are supported in part by the testimony of other witnesses.  The testimony tending to support plaintiff's claim for a divorce is not seriously controverted, and I have no difficulty in determining from the proofs in this case that the plaintiff has well established his right to a decree of divorce."

On appeal the only issue presented pertains to the property settlement terms of the divorce decree which awarded the husband $8,000, to be realized— $3,755.32 from cash deposited with the clerk of the court from the proceeds of sale of the farm machinery, and the $4,244.68 balance from a lien upon the farm itself.

The decree provided no support for the appellant wife, and she claims that the decree awards the husband a part of her sole and separate estate without authority to do so.

It is undisputed that the farm belonged to the wife at the time of the marriage of the parties in 1932. It had been deeded to her by her parents, and she

had paid off the mortgage balance before the marriage to Mr. Paul.

Over and above the farm, the wife also brought rather more financial assets to the marriage than did her husband. He testified that he owned a gasoline station from which he derived $1,300 which he invested in the farm, while the wife testified she brought over $5,000 to the marriage which was likewise invested in the farm.

There is no dispute but that the husband worked full time, and apparently effectively, nearly the entire 25 years the couple lived together, improving the farm and making a living for the family from it. There seems little reason to doubt that his efforts added materially to its value.

During these years, the record indicates that the husband managed the farm, handled the income therefrom, and paid the bills for the family. The wife had as her somewhat separate enterprise a chicken and egg business from which she received all the proceeds. The farm provided the grain for this operation. It appears that from time to time the husband expended time and labor on the chicken and egg business, as did the wife on the farm.

We assume from this record that the parties at the time of divorce had either relatively insignificant, or relatively equal, amounts of personal property and cash since no effort was made to have the decree include reference to such assets.

At the time of divorce the only substantial asset considered was the farm, title to which had stood in the wife's name all during the marriage. The circuit judge, recognizing title to the farm in the wife, awarded $8,000 to the husband. He held that the husband had paid for the improvements to the farm, and added "In fact, if not in law, he actually became a farm hand, and if he received $25 or $30 per month

and his board over the period of 25 years it would seem that he was not overpaid."

The circuit judge, in his decree, obviously relied upon PA 1949, No 42 (CLS 1956, §§ 552.401, 552.402 [Stat Ann 1957 Rev §§ 25.136, 25.137]), which permits an award to the husband of all or such portion of the real or personal property of the wife "as may appear to the court to be equitable under all the circumstances of the case, provided it shall have been made to appear from the evidence therein that the husband contributed to the acquisition, improvement or accumulation of such property."

The testimony in this record discloses over $6,000 of cash expended in capital improvements to the farm exclusive of more routine improvements such as fertilizing and fencing.

An experienced farmer testified:

"The land of the Paul farm was a little below average to begin with when he took it over, and he has built it up so it's probably as good as anybody's to grow corn, hay, and oats."

We believe that (taking the realized value of the farm machinery into account) there is evidence in this record of improvements in the farming operation totaling a minimum value of $10,000 made during the course of this marriage and principally resulting from the husband's labor.

Thus we have no doubt that there is evidence of "improvements" contributed by the husband to justify the lien awarded him by the circuit judge, provided such an award is "equitable under all the circumstances of the case."

The decree, however, makes no provision for alimony for the wife. She is 66 years old. Since her marriage she has never been gainfully employed as far as this record discloses. At time of this hearing the husband was employed by the Farm Bureau.

Under these circumstances, even though the wife is the offending party and possesses title to the farm, we believe that an equal division of the $10,000 increase in value of the farm properties would produce a fairer result.

While this Court hears appeals in chancery matters *de novo,* it generally does not reverse or modify unless convinced that it would have had to reach another result had it occupied the position of the trial court. *Wells* v. *Wells,* 330 Mich 448; *Ethridge* v. *Ethridge,* 322 Mich 578. For the reasons we have given, we are convinced of this in this case.

The decree will be modified by reducing the lien on the farm provided for the husband to $1,244.68. See *Kinek* v. *Kinek,* 331 Mich 54.

With this modification, the decree is affirmed. No costs, neither party having prevailed in the entirety.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, KAVANAGH, and SOURIS, JJ., concurred.