IGRISON *v.* IGRISON.

1. DIVORCE—PROPERTY SETTLEMENT—FRAUD—DURESS—MUTUAL MISTAKE.

   Property settlement provisions of a divorce decree cannot be set aside, modified, or altered in the absence of fraud, duress, or mutual mistake.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17A Am Jur, Divorce and Separation §§ 898, 899.
   Validity of separation agreement as affected by fraud, coercion, unfairness or mistake. 5 ALR 823.

2. SAME—MODIFICATION OF DECREE—PROPERTY SETTLEMENT—MUTUAL
   MISTAKE—EVIDENCE.

   Modification of decree of divorce as to property settlement
   whereby defendant was ordered to pay a sum of money and
   subjected to a lien on some of his property in lieu of the origi-
   nally decreed vendee interest in a land contract is reversed,
   where there was no fraud claimed and mutual mistake was not
   proven, the trial court's finding of mutual mistake that the
   vendee interest was worthless having arisen from trial court's
   original disbelief in testimony to that effect that defendant
   had given at the original hearing.

Appeal from Wayne; Weideman (Carl M.), J.
Submitted January 11, 1963. (Calendar No. 35,
Docket No. 49,252.) Decided February 7, 1963.

Bill by Viola Igrison against Sabin Igrison re-
sulted in decree of divorce with property settlement
giving plaintiff a certain land contract interest.
Motion to modify decree granted. Defendant ap-
peals. Reversed.

*Louis A. Komjathy,* for plaintiff

*Cassese, Batchelder, Jasmer & Evanski (Fred-
erick D. Jasmer,* of counsel), for defendant.

KAVANAGH, J. On November 29, 1957, plaintiff-
appellee Viola Igrison filed a bill of complaint
against defendant-appellant Sabin Igrison in the cir-
cuit court of Wayne county. She prayed for a di-
vorce, property settlement, alimony, and attorney
fees, as well as provisions with respect to custody
of children. Defendant filed an answer to the bill
of complaint.

The case was called for trial on February 9, 1960,
and, after several days of trial were concluded, a
settlement of property rights was reached on Feb-
ruary 16, 1960. Plaintiff's attorney stated the prop-
erty settlement on the record. The statement was

supplemented by defendant's attorney adding certain matters. Plaintiff was awarded a default decree. The decree, which included the property settlement, was entered on February 18, 1960, by the trial judge. As part of the property settlement, the wife accepted the vendee's interest of defendant husband in a land contract covering certain property on Manchester avenue in the city of Highland Park. In compliance with the decree, defendant gave an assignment and deed to plaintiff pursuant to the provisions of the decree. Shortly thereafter, plaintiff's attorney notified defendant's attorney that the vendee's interest in the Manchester avenue property had been foreclosed and sought to obtain additional assets in lieu of the worthless vendee's interest in the property.

On April 5, 1960, plaintiff filed a petition to modify the decree, complaining that the contract was worthless and asked that she be compensated in other ways.

The facts are as follows:

During the divorce proceedings defendant himself testified he had purchased the property on land contract for $7,250 with $300 down; that he had painted and repaired the property, and invested approximately $1,000 in so doing; that after he was served with the divorce papers in November, 1957, he left Detroit; that he stopped further work on the property and further payments on the land contract. He actually abandoned his interest. He understood the vendor had taken possession of the property, and that he no longer had any interest in it. He so advised his wife prior to the decree of divorce when he was visiting with the family in Highland Park, Michigan.

The record disclosed he did so testify, but the trial judge advised both attorneys that they ought to contact the vendor or his agents and find out for

the court if there was any value to the property. The 2 attorneys called on a real-estate man who had apparently handled the original sale for the vendor. He advised the attorneys that no foreclosure had taken place. They so advised the judge, after which the consent decree was entered and the property settlement agreement incorporated in the decree.

The trial judge evidently didn't believe the defendant when he testified he had no interest in the property. On the hearing to modify the decree, the defendant testified in effect, "I told you, Judge, I had no interest in this property; it had been forfeited to the seller and, since I didn't claim any interest in it, I was willing to execute deeds and assignments to her if you insisted, but I had no interest in the property." In substance, the record bears him out on this. The wife at the hearing to modify the decree testified defendant had informed her prior to the divorce that he had abandoned the property and had no interest in it.

The judge said in his opinion there had been a mutual mistake and, therefore, modified the decree to provide that defendant pay the plaintiff the sum of $1,250 in lieu of the land contract vendee's interest in the Manchester avenue property; and that in the event defendant failed to pay said sum within 30 days from the date of the modified decree, plaintiff was to have a lien on other property located at 179–181 Ferris avenue, Highland Park, Michigan, to secure payment of the said sum of money.

Defendant appeals, claiming there is no authority in the law to modify a property settlement except in the event of fraud. No fraud is alleged in the motion to modify and certainly the record does not disclose that any fraud has been proven. Defendant informed the court of the true facts and testified he had so informed his wife. She confirmed this testi-

mony at the time of the hearing on the petition to modify.

It is the well-settled rule in Michigan that the property settlement provisions of a divorce decree cannot be set aside, modified, or altered in the absence of fraud, duress, or mutual mistake. *Newton* v. *Security National Bank of Battle Creek*, 324 Mich 344; *Pierson* v. *Pierson*, 351 Mich 637; *Greene* v. *Greene*, 357 Mich 196.

The trial court based its decree modifying the property settlement upon a finding of mutual mistake. Our review of the record impels us to conclude that no mutual mistake was proven. Defendant husband during the proceedings relating to the entry of the divorce decree informed the trial court he had abandoned his rights in the land contract and that plaintiff was aware, prior to the divorce hearing, of defendant's abandonment of the property. Plaintiff wife, by her own testimony, confirms the fact she had this information. The fact defendant was not believed by the plaintiff, her counsel, and the trial judge, cannot give rise to a mutual mistake. Defendant cannot now be penalized for the lack of belief of his testimony.

The cases plaintiff relies upon in support of the modified decree are not authority for her position in this case. *Falconer* v. *Falconer*, 330 Mich 532, is a case in which this Court reversed the trial court and granted a rehearing upon the claim of newly discovered evidence which, if proven, would have barred defendant's right to a divorce. This Court ruled that petitioner's claim was sufficient to entitle him to a rehearing. We do not have a petition for rehearing in the case before us, but a petition to amend the property settlement provisions of the decree.

The second case relied upon by plaintiff is *Walker* v. *Walker*, 327 Mich 707. There this Court affirmed the trial court's action in declaring the divorced hus-

band to be the owner of a vendor's interest in certain land contracts since this was a proper construction and clarification of the decree. Modification was not involved.

The other case relied upon by plaintiff is that of *Isabell* v. *Isabell,* 333 Mich 519. In this case the trial court allowed a modification of the property settlement based upon a petition by plaintiff that she had been fraudulently led to believe all taxes had been paid, and that defendant's testimony in court to that effect fraudulently induced the court to fail to include in the decree a provision defendant husband should pay the accrued taxes. The trial court so modified the property settlement provisions of the decree, and this Court affirmed.

As previously pointed out, there was no fraud alleged in the instant case. Here defendant husband's testimony prior to the granting of the decree was unequivocal and the decree itself was clear and unambiguous. The trial court erred in granting plaintiff's motion to amend the property settlement provisions of the decree.

The modification of the property settlement provisions of the decree is reversed and vacated. Defendant shall have costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.