## DOUGHERTY v DOUGHERTY

1. DIVORCE—PROPERTY SETTLEMENT—MODIFICATION OF JUDGMENT.

 A property settlement in a divorce action may be revised for fraud or like reasons and modification may also be permitted to rectify mistakes or clarify and interpret ambiguities; inequities are alleviated by permitting revision of otherwise final property settlements when such is necessitated by fairness (GCR 1963, 528).

2. DIVORCE—PROPERTY SETTLEMENT—LIQUIDATION—SEALED BIDS—DISCRETION—STATUTE.

 A trial judge's use of sealed bids for the sale and disposition of the parties' assets in a divorce action in lieu of partition proceedings did not constitute an abuse of discretion, where a number of procedures were available to the judge, he weighed the various considerations in an attempt to provide a speedy disposition which yielded the largest return to the parties, and he recognized the integral nature of the parties' business with the real estate, the limited number of prospective purchasers, the urgency for disposition and the administration expenses accompanying other methods of disposal (MCLA 600.6052).

3. DIVORCE—PROPERTY SETTLEMENT—FAIRNESS.

 A division of property in a divorce action is not governed by a precise or rigid mathematical formula; upon the particular facts of each case, the goal sought is a fair and equitable division of the property, not absolute equality.

4. DIVORCE—PROPERTY SETTLEMENT—EQUITY.

 The property division in a divorce action placing the onus of a business's deteriorating financial condition upon defendant was neither inequitable nor unjust where the record discloses evidence that the business was profitable at the time that plaintiff, encouraged by defendant, discontinued her participation in the business and that a majority of the debts were incurred subse-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 941.
[2] 24 Am Jur 2d, Divorce and Separation § 934.
[3–5] 24 Am Jur 2d, Divorce and Separation § 7.

quently by defendant individually, and the inclusion of this indebted business in the property division would have effectively depleted plaintiff's equity in the remaining assets.

5. DIVORCE—PROPERTY SETTLEMENT—NURSERY STOCK—REMOVAL—EQUITY.

  A trial judge's order that the defendant in a divorce action remove nursery stock awarded in the property settlement within 30 days is inequitable; where the defendant is 66 years old, the physical removal of the shrubs and trees is an arduous task, the timing of the removal operation is critical to preserving the stock, and the equity in the property division would be utterly destroyed if the defendant were forced to surrender the stock or destroy it by hasty removal, the defendant must be permitted reasonable access to the property for a reasonable period of time to complete the removal process.

Appeal from Hillsdale, Kenneth G. Prettie, J. Submitted Division 2 March 13, 1973, at Lansing. (Docket No. 14417.) Decided June 27, 1973.

Complaint for divorce by Iva N. Dougherty against Harold V. Dougherty. Judgment for plaintiff. Defendant appeals. Divorce decree affirmed and property settlement modified.

*Robert G. Schwartz,* for plaintiff.

*Dajos & Goodwin,* for defendant.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

BRONSON, J. Defendant appeals from a judgment of divorce and property settlement, raising six allegations of error, which we consider *seriatim.* The facts precipitating the instant appeal may be briefly summarized as follows.

Plaintiff and defendant were married on June

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

20, 1926 and were able to live together until the marriage deteriorated in 1968. Plaintiff moved out of the home and filed an action for divorce. Although the complaint for divorce was dismissed on October 16, 1970, plaintiff's separation was sanctioned and defendant was ordered to pay plaintiff $100 per month for her support. On July 16, 1971, plaintiff again commenced a divorce action on the alternative grounds of extreme cruelty and nonsupport. Not finding the $400 furnished by defendant to constitute adequate support consistent with the previous court order, the trial judge granted the divorce.

The trial judge reviewed the property holdings of the parties and attempted to achieve a settlement fair and equitable to each. The parties were a most industrious couple until the decline of their marriage in 1967-1968. They had engaged in many diverse enterprises including the raising of chickens, the production of milk, the operation of a construction business, the marketing of fire extinguishers, and finally the operation of a nursery business. Although the nursery business constituting the current endeavor was in financial difficulty, it yielded a profitable return until at least 1967, at which time plaintiff withdrew from the business and discontinued keeping the books.

The property at issue encompasses approximately 20 acres. On January 12, 1972, the trial judge sought a disposition of this property by orally ordering that sealed bids be submitted by March 30, 1972. Following the sale of the property, the proceeds in excess of the amount of all liabilities, including the debts of the nursery business, attorney fees, costs, expenses, and support payments, were to be divided equally by the parties. The plaintiff, finding her equity in the property

depleted by the outstanding business debts accumulated by defendant, filed a motion for amended judgment. The trial judge found plaintiff's argument persuasive and evidence supported his conclusion that the business was individually owned by defendant and subjected to indebtedness through defendant's individual undertakings. He further found that the real estate at issue was entireties property. Based upon these facts, the trial judge amended the judgment, directing the proceeds of the sale of the property to be used only to pay the debts of the real estate and the proceeds of the remaining assets to pay the debts of the business.

The trial judge subsequently received two bids: (1) $30,000 for the property, including the equipment and stock of the nursery and (2) $20,000 for the real estate including all lands and buildings but conditioned upon the removal of the equipment, nursery inventory, and the inventory of both the pet and garden shops within 30 days. The $20,000 bid was accepted by the trial judge since it severed the entireties property from the remaining assets, leaving the disposition of the businesses' assets and liabilities to defendant. The aggregate liabilities charged against the real estate approximated $14,400, including the balance of the unpaid mortgage, proceeds to be paid to plaintiff for support, attorney fees and costs, thereby leaving a residue of $5,600 to be divided between the parties. Following a denial of the motion for new trial, defendant instituted this appeal.

I. *Did plaintiff establish the grounds for divorce by a preponderance of the evidence?*

Plaintiff grounded her complaint for divorce upon the alternative bases of extreme cruelty and

nonsupport. The trial judge heard and evaluated the proffered evidence upon each basis and found that defendant's failure to provide sufficient support pursuant to a previous court order justified granting a divorce. Our independent review of the record reveals sufficient evidence to support either of the alleged grounds for divorce. In view of this evidence, plaintiff carried her burden of proof and the decree of divorce is affirmed.

II. *Did the trial judge commit reversible error by modifying a final property settlement without taking further proofs?*

Defendant relies upon the general rule that property settlements which are judged final may not be modified. *Cf. Ritzer v Ritzer,* 243 Mich 406; 220 NW 812 (1928). This principle is not without exception. Property settlements may be revised for fraud or like reasons. *Lytle v Lytle,* 319 Mich 47; 29 NW2d 138 (1947); *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959). Modification may also be permitted to rectify mistakes or clarify and interpret ambiguities. *Igrison v Igrison,* 369 Mich 314; 119 NW2d 605 (1963); *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943). Significantly, inequities are alleviated by permitting revision of otherwise final property settlements when such is necessitated by fairness. *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960); *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). See, generally, GCR 1963, 528.

Upon plaintiff's request for an amendment to the property settlement, the trial judge carefully scrutinized his previous decision. The trial judge was impressed by the fact that the real estate was held by a tenancy in the entireties and the business was owned and operated by defendant indi-

vidually. Although the trial judge had requested
defendant to submit a list of his liabilities, he
acknowledged his inadvertent failure to include
defendant's assets. The trial judge concluded that
his prior consideration of these factors was insuffi-
cient. Upon reconsideration the trial judge found
it necessary to modify the judgment. The cited
authorities permit modification to clarify ambigui-
ties and mistakes when necessitated by fairness.
We are not prepared to hold that the trial judge
committed reversible error in his attempt to
achieve justice by amending a property settlement
resulting from an inadequate appraisal of the
relevant facts.

III. *Did the trial judge utilize an improper proce-
    dure for the sale and disposition of the parties'
    assets?*

Defendant challenges the trial judge's use of
sealed bids upon the subject property submitted
before March 30, 1972, in lieu of partition proceed-
ings in compliance with MCLA 600.6052; MSA
27A.6052. Although a number of procedures were
available to the trial judge, he weighed the various
considerations in an attempt to provide a speedy
disposition which yielded the largest return to the
parties. The trial judge recognized the integral
nature of the nursery business with the real es-
tate, the limited number of prospective purchasers,
urgency for disposition and administration ex-
penses accompanying other methods of disposal.
Upon reviewing the competing considerations be-
fore the trial judge, we cannot conclude that the
method employed constituted an abuse of discre-
tion.

Defendant further challenges the method em-
ployed upon the basis that the judgment of March

6, 1972, did not provide the parties with a sufficient period of time to secure prospective purchasers and establish a fair market value for the property. The original judgment offered from the bench on January 12, 1972 apprised the parties of the March 30 deadline for the submission of bids and enlisted their assistance to secure a buyer at the maximum price. The need for urgency was adequately expressed by defendant's desire to expedite the procedure since any potential buyers would want the nursery business immediately to prepare for sales in April and May. Upon this factual background defendant's argument is unprevailing.

IV. *Did the property settlement fairly distribute the assets between the parties?*

It is fundamental that a division of property in a divorce action is not governed by a precise or rigid mathematical formula. *Johnson v Johnson,* 346 Mich 418; 78 NW2d 216 (1956). Upon the particular facts of each case, the goal sought is a fair and equitable division of the property, not absolute equality. *Cartwright v Cartwright,* 341 Mich 68; 67 NW2d 183 (1954). In *Marrobie v Marrobie,* 334 Mich 447; 54 NW2d 623 (1952), the Court awarded a majority of the property to the wife since the husband had gambled away much of the earnings of the parties. Moreover, a settlement awarding business property entirely to one party as opposed to the other may be justified by the particular circumstances involved. *Metcalf v Metcalf,* 28 Mich App 442; 184 NW2d 560 (1970). In *Whittaker v Whittaker,* 343 Mich 267; 72 NW2d 207 (1955), a case factually analogous, the Court sanctioned a property settlement awarding the husband an in-

debted business in which the debts exceeded the assets.

The challenged property settlement resulted from the segregation of the nursery business from the real estate and an allocation of the indebted business to the husband. The record discloses evidence that the business was profitable at the time that plaintiff, encouraged by defendant, discontinued her participation therein and that a majority of the debts were incurred subsequently by defendant individually. The inclusion of this indebted business into the property division would have effectively depleted plaintiff's equity in the remaining assets. The evidence supports the trial judge's conclusion that the nursery business was owned and operated by defendant individually. The final property settlement resulted in a substantial amount of defendant's liability being reduced by the resulting property conveyance and defendant being awarded the inventory of the business which totaled approximately $10,000. The property division placing the onus of the business's deteriorating financial condition upon defendant is neither inequitable nor unjust.

V. *Did the trial judge commit reversible error by requiring defendant to remove the nursery stock awarded from the premises within 30 days?*

Defendant challenges the trial judge's order that he remove the nursery stock awarded in the property settlement within 30 days and post a bond of $20,000. We take cognizance of defendant's age of 66 years, the arduous task of physically removing the shrubs and trees and the fact that the timing of this removal operation is critical to preserving the stock. The equity found in the property divi-

sion would be utterly destroyed if defendant were forced to surrender this stock or destroy it by hasty removal. The same equitable veil which envelops plaintiff must likewise be placed upon defendant to protect his interest. Since a motion in this regard is pending before the trial judge, he can fashion the appropriate relief permitting defendant reasonable access to the property for a reasonable period of time to complete the removal process.

Defendant's final allegation that the trial judge's denial of his motion for a new trial constituted error is based upon the trial judge's findings and property settlement considered in the preceding allegations. Not finding the rulings clearly erroneous or the verdict contrary to law, we affirm the decree of divorce and property settlement as modified by the subsequent entry of adequate provision to protect defendant's right to remove the nursery stock.

Affirmed. No costs, neither party having prevailed in full.

All concurred.