IRWIN v IRWIN

Docket No. 77-777. Submitted January 8, 1978, at Detroit.—Decided September 19, 1978. Leave to appeal applied for.

Gary A. Irwin obtained a judgment of divorce from Beverly J. Irwin in 1964. A portion of the property settlement provided that the plaintiff was the sole owner of the marital home and that if he were to sell the home prior to December 11, 1973, the defendant should receive one-half of the net proceeds. The defendant and the children of the marriage lived in the home from 1966 to 1976, when the plaintiff sold the property. During that time the parties agreed that in consideration for defendant's occupying the home, plaintiff's child support obligation was reduced by $100 per month. Upon the sale of the property, the defendant petitioned the court for one-half of the net proceeds, claiming that the limitation on the property settlement was ambiguous. The Macomb Circuit Court, George R. Deneweth, J., ordered payment of one-half the proceeds to defendant. Plaintiff appeals. *Held:*

The limitation on the property settlement is not ambiguous and needs no interpretation. The Court of Appeals will clarify and interpret property settlements only where to do so will not change the substantive rights of the parties. The agreement should not be modified.

Reversed.

ALLEN, P. J., agrees that the provision is not ambiguous, but would hold that the case comes within a "fairness" doctrine which allows modification of a property settlement where necessary to alleviate inequities. Because the defendant maintained the home while she occupied it and at one time averted foreclosure by making several mortgage payments, and because plaintiff's support obligations were reduced for the entire period, to allow sale of the home without awarding the defendant a portion of the proceeds from the sale and without reimburs-

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 868.
    24 Am Jur 2d, Divorce and Separation §§ 904–906.
[2] 24 Am Jur 2d, Divorce and Separation § 909.

ing her for the mortgage payments she made is patently inequitable.

OPINION OF THE COURT

1. DIVORCE—APPEAL AND ERROR—PROPERTY SETTLEMENTS—MODIFICATION.

The Court of Appeals will not clarify or interpret a property settlement in a divorce proceeding when the substantive rights of the parties are changed by such clarification or interpretation.

DISSENT BY ALLEN, P. J.

2. DIVORCE—PROPERTY SETTLEMENTS—MODIFICATION—FAIRNESS.

Revision of an otherwise final property settlement in a divorce proceeding is proper where fairness necessitates the alleviation of inequities.

*Jack C. Chilingirian,* for plaintiff.

*Hopping & Boyer, P. C.* (by *Donald M. Churilla),* for defendant.

Before: ALLEN,, P. J., and D. E. HOLBROOK, JR. and M. J. KELLY, JJ.

M. J. KELLY, J. Plaintiff appeals as of right from a February 9, 1977, order of the Macomb County Circuit Court determining and distributing to defendant one-half of the proceeds from the sale of the marital home.

The parties were divorced on September 21, 1964. The property settlement provided that plaintiff "shall be the sole owner of [the] property" and was incorporated in the judgment of divorce with the following condition:

"The limitation contained in said Agreement to the effect that should the plaintiff, Gary A. Irwin, sell the property referred to on or before December 11, 1973, any amount received from the sale of said property over

and above the outstanding mortgage balance as of December 11, 1963 shall be divided evenly between Gary A. Irwin and Beverly J. Irwin, is also affirmed."

Defendant and the three children of the marriage lived in the home from 1966 until plaintiff sold it in October of 1976. Defendant then petitioned the court for one-half of the net proceeds from the sale, claiming that the limitation on the property settlement was ambiguous and that she had understood it to mean that half the proceeds of the sale should be hers, regardless of the timing of the sale.

But the limitation on plaintiff's ownership is not ambiguous. It needs no interpretation. A fair reading produces no doubt about the ownership of the home and the disposition of any proceeds from the sale.

Thus, the ambiguity exception to the rule that property settlement provisions in divorce judgments are not modifiable does not apply here. See *Firnschild v Firnschild,* 67 Mich App 327; 240 NW2d 790 (1976), *Dougherty v Dougherty,* 48 Mich App 154; 210 NW2d 151 (1973).

Nor does this case resemble those where the court has modified property settlements on the grounds that fairness, or the intent of the settlement, or the court rules required modification. See *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960), *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959), GCR 1963, 528.3.

In any event this Court will clarify and interpret property settlements only when the substantive rights of the parties are not changed. *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943), *Boucher v Boucher,* 34 Mich App 213; 191 NW2d 85 (1971). To accept defendant's argument for

modification would change the rights of the parties. It would give defendant a property interest not given her in the judgment of divorce.

Therefore, the trial court erred in modifying the property settlement. The order modifying the property settlement is reversed.

D. E. HOLBROOK, JR., J., concurred.

ALLEN, P. J. *(dissenting)*. I agree with the majority that the instant case does not fall within the ambiguity exception under which modification of a judgment of divorce is permitted where clarification is necessary. *Mitchell v Mitchell,* 307 Mich 366, 370; 11 NW2d 922 (1943). But I disagree that this cause does not come within the "fairness" exception as set forth in *Dougherty v Dougherty,* 48 Mich App 154, 158; 210 NW2d 151 (1973). There, this Court said:

"Significantly, inequities are alleviated by permitting revision of otherwise final property settlements when such is necessitated by fairness. *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960); *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). See, generally, GCR 1963, 528."

The only substantial asset of the parties was the house which at the time of the divorce was being rented to third parties. To have the home pass to the husband without any deduct or compensation to the wife is unusual enough, although perhaps understandable in view of the wife's signature to the property settlement.[1] The judgment also awarded support for the three minor children in

---

[1] Defendant was not present at the *pro confesso* proceedings September 21, 1964, nor was she represented by counsel. Her signature does appear on the property settlement agreement dated December 11, 1963. The agreement was prepared by plaintiff's then attorney who also signed the agreement together with his client.

the sum of $16.66 per week, per child, *viz.*: $50 per week. But the unusual circumstance was compounded some 18 months later when the lease on the house expired and, at the husband's suggestion, the wife moved into the home. In consideration of occupying the home the parties agreed that the husband's child support payments were reduced by $100 per month. From early 1966 until the fall of 1976, the wife occupied the home, during which time she landscaped the premises and repaired and maintained the home at considerable expense to herself. In 1976, the Detroit Mortgage and Realty Company commenced foreclosure for nonpayment of the mortgage but foreclosure was averted when the wife made the mortgage payments due for the five-month period January through May, 1976. During all of this time plaintiff received the $100 per month credit.

Given these circumstances I find it patently inequitable to award to the wife nothing on the sale of the home, to not reimburse her for the mortgage payments made to prevent default and at the same time relieve the husband of approximately 50% of the obligations for child support. I find it wrong to enforce to the letter the provisions concerning the sale of the house but not enforce the provisions for child support. It is true that the wife enjoyed ten years of living in a comfortable home during which time, with some notable exceptions, the husband continued to make mortgage payments. But in return the wife, at her expense, maintained the home in good repair and the husband was spared the damage and deterioration which occurs when third party tenants occupy a home. If sold within ten years from December 11, 1963, the property settlement agreement called for dividing the net proceeds of sale after deducting

the mortgage balance as of December 11, 1963, rather than deducting the mortgage balance as of the date of sale. Thus, the husband was guaranteed recovery of 50% of his mortgage payments and also was able to deduct the interest portion of said payments for income tax purposes. Meanwhile, the wife received some $1,200 a year less child support than called for in the judgment of divorce.[2]

Based upon the above facts, I conclude that this cause falls within the fairness rule employed by the Court to adjust otherwise final property matters in *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960), and *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). I also conclude that this matter, when viewed in its entirety, falls within GCR 1963, 528.3(6).[3] But if I am wrong and if *Paul* and *Ross* are distinguishable on grounds that each involved relatively minor adjustments in property settlements involving substantial assets, whereas the adjustment proposed here is a major adjustment to a small marital estate, then I believe the same result can be achieved and fairness preserved by enforcing the child support provisions as embodied in the judgment. I would disallow the deduction taken by the husband over an approximate 10-year period of $100 per month, said disal-

---

[2] In November, 1976, the house was sold for $37,500.00, from which was deducted the December 1963 mortgage balance of $12,333.77, leaving a balance of $25,166.23. After deducting realtor's commission and other costs of sale, the net balance was $21,900.50, of which the wife (should she prevail in this cause) would receive one-half or $10,950.25. By stipulation of counsel for both parties it was agreed that the husband was not required to file a stay bond pending appeal and that, out of the wife's $10,950.25, there would be made to the wife a partial distribution of $5,000. It was also stipulated that $4,247.30 would be forthwith distributed to the husband.

[3] "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (6) any other reason justifying relief from the operation of the judgment."

lowance not to exceed $10,950.25. This solution has some practical merit too, since the defendant wife has already been paid $5,000 of the $10,950.25 determined to be her one-half share under the order of the trial judge. Under the opinion of the majority the defendant not only will fail to receive the balance of $5,950.25, but in addition will have to pay to her former husband $5,000. Therefore, I would affirm the trial court and order costs to defendant.