ALEXANDER v ALEXANDER

Docket No. 48217. Submitted November 13, 1980, at Lansing.—Decided January 23, 1981.

Bruce E. Alexander commenced a divorce action against his wife Gail W. Alexander, in Genesee Circuit Court. The parties stipulated to waive the required 60-day waiting period between filing the complaint and taking the proofs. Ollie B. Bivins, Jr., J., entered an order pursuant to that stipulation, and a judgment of divorce was entered before the expiration of 60 days after the complaint was filed. Gail Alexander subsequently moved to have the judgment set aside and sought a rehearing. The trial court denied both requests. The defendant appeals, alleging that she was defrauded as to the plaintiff's true worth and that the judgment of divorce is void because the 60-day period was not complied with. She seeks a renegotiation of the property settlement. *Held:*

1. The trial court committed error by acting on the parties' stipulation. Trial courts have no power to waive the 60-day waiting period.

2. The defendant's request for relief is untimely since it is based on fraud and was made more than one year after entry of the divorce judgment.

3. The judgment of divorce is not void *ab initio* since the lower court had jurisdiction by virtue of the residence of the parties although that jurisdiction was erroneously exercised. The error was of time alone, as proofs could have been taken for preservation purposes and the judgment entered after the expiration of the 60-day period.

4. Property settlements entered in judgments of divorce are modifiable only for fraud or like reasons such as rectifying mistakes, clarifying and interpreting ambiguities, or alleviating inequities when necessitated by fairness. Those exceptions to the no-modification rule are not applicable here. The defen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 331.
[2] 24 Am Jur 2d, Divorce and Separation § 667 *et seq.*
[3] 24 Am Jur 2d, Divorce and Separation § 675.

dant's attempted modification would alter the substantive rights of both parties.

Affirmed.

1. DIVORCE — WAITING PERIOD — STIPULATIONS — WAIVER — STATUTES.

Parties to a divorce action cannot stipulate to waive the required 60-day period between filing the complaint and the taking of proofs since the Legislature intended that 60 days be the absolute minimum waiting period (MCL 552.9f; MSA 25.89[6]).

2. DIVORCE — PROPERTY SETTLEMENTS — MODIFICATION.

Property settlements entered in judgments of divorce are modifiable only for fraud or like reasons such as rectifying mistakes, clarifying and interpreting ambiguities, or alleviating inequities when necessitated by fairness.

3. DIVORCE — PROPERTY SETTLEMENTS — MODIFICATION — COURT OF APPEALS.

The Court of Appeals will clarify and interpret property settlements entered in divorce actions only where the substantive rights of the parties are not changed.

*Shulaw, Bowne & Omer, P.C.,* for plaintiff.

*Jeffrey A. Chimovitz,* for defendant.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

PER CURIAM. Plaintiff commenced this divorce action on October 5, 1976. The parties stipulated to a waiver of the requirement of MCL 552.9f; MSA 25.89(6) that no proofs or testimony be taken until 60 days from the time of filing. The lower court entered an order pursuant to that stipulation, and a judgment was taken on October 25, 1976. Subsequently, on September 7, 1979, defendant moved to have the judgment set aside. The lower court denied both that request and defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dant's later motion for a rehearing. Defendant appeals as of right.

We find that the trial court committed error by acting on the parties' stipulation and we instruct trial courts that they have no power to waive the statutory 60-day waiting period. On the peculiar facts of this case, however, we decline to declare the judgment void *ab initio.*

Defendant ultimately seeks a renegotiation of the property settlement originally entered into, alleging that she was defrauded as to plaintiff's true worth. Because her request for relief based on fraud was made more than one year after the entry of judgment, it is untimely. GCR 1963, 528.3. Defendant did not allege that a fraud upon the court itself took place. *Cf. Baum v Baum,* 20 Mich App 68, 76; 173 NW2d 744 (1969). Defendant, therefore, argues that the judgment is void because the parties and court did not comply with the statutory waiting period.

MCL 552.9f; MSA 25.89(6) provides in pertinent part:

*"No proofs or testimony shall be taken in any case for divorce until the expiration of 60 days from the time of filing the bill of complaint,* except where the cause for divorce is desertion, or when the testimony is taken conditionally for the purposes of perpetuating such testimony. In every case where there are dependent minor children under the age of 18 years, no proofs or testimony shall be taken in such cases for divorce until the expiration of 6 months from the day the bill of complaint is filed. In cases of unusual hardship or such compelling necessity as shall appeal to the conscience of the court, upon petition and proper showing, it may take testimony at any time after the expiration of 60 days from the time of filing the bill of complaint. Testimony may be taken conditionally at

any time for the purpose of perpetuating such testimony." (Emphasis added.)

The statute provides an exception from the 60-day rule only for the purpose of preserving testimony. Even when exception to the six-month rule applicable to couples with children is made due to unusual hardship, a 60-day limit is still imposed. From this we infer that the Legislature intended that 60 days be the absolute minimum waiting period. The lower court erred in accepting the parties' stipulation.

Nonetheless, the judgment is not void *ab initio.* The lower court had jurisdiction by virtue of the residence of the parties, although that jurisdiction may have been erroneously exercised. *Jackson City Bank & Trust Co v Frederick,* 271 Mich 538, 543-545; 260 NW 908 (1935). Further, the error was one of time alone as proofs could have been taken for preservation purposes and the judgment properly entered 40 days later. MCL 552.9f; MSA 25.89(6).

Absent a finding that the lower court's judgment was void *ab initio,* we are left to a determination of whether the property settlement therein is modifiable. In *Firnschild v Firnschild,* 67 Mich App 327, 329; 240 NW2d 790 (1976), this Court held property settlements to be subject to judicial modification only upon a finding of fraud. See also *Edgar v Edgar,* 366 Mich 580; 115 NW2d 286 (1962). However, in *Dougherty v Dougherty,* 48 Mich App 154, 158; 210 NW2d 151 (1973), the Court noted a wider array of permissible bases for modifications of otherwise final judgments:

"Property settlements may be revised for fraud or like reasons. *Lytle v Lytle,* 319 Mich 47; 29 NW2d 138 (1947); *Greene v Greene,* 357 Mich 196; 98 NW2d 519

(1959). Modification may also be permitted to rectify mistakes or clarify and interpret ambiguities. *Igrison v Igrison,* 369 Mich 314; 119 NW2d 605 (1963), *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943). Significantly, inequities are alleviated by permitting revision of otherwise final property settlements when such is necessitated by fairness. *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960), *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). See, generally, GCR 1963, 528."

See also *Chisnell v Chisnell,* 99 Mich App 311; 297 NW2d 909 (1980), upholding the modification of an ambiguous final property settlement, to specify which party should arrange and consummate the sale of certain marital real property. However, as noted in *Irwin v Irwin,* 85 Mich App 576, 578; 272 NW2d 328 (1978), and *Chisnell,* "this Court will clarify and interpret property settlements only when the substantive rights of the parties are not changed".

We have already concluded that defendant did not allege or prove fraud attending the 1976 divorce judgment. Also, the instant facts do not resemble those requiring application of the ambiguity, *Dougherty, supra,* or fairness, *Paul, supra,* exceptions to the general rule of no modification.[1] Finally, the defendant's attempted modification would alter the substantive rights of both parties to this action. Where no basis exists to modify the parties' property settlement, vacating the judgment at this stage would serve no purpose. It would not remove the stipulated property settlement or permit the trial court to order a disposition of property different than that already imposed.

Affirmed.

[1] We note that these two exceptions, had they been present, would not be barred by the one year limitation on modifications embodied in GCR 1963, 528.3.