MOLNAR v MOLNAR

Docket No. 52370. Submitted May 13, 1981, at Detroit.—Decided
    October 21, 1981.

Gerald A. Molnar and Karen S. Molnar were divorced. Karen
    Molnar was awarded custody of the parties' minor child and
    was allowed to occupy the marital home until she remarried or
    the child reached 18 years of age, at which time the home was
    to be sold and the proceeds divided. Ownership was to be by
    both parties as tenants in common, with each party to pay one-
    half of the mortgage payments, taxes, insurance and utilities
    on the home. Subsequently, the child died, after which Gerald
    Molnar stopped making his half-payments on the home. Karen
    Molnar brought a motion in the Wayne Circuit Court for
    enforcement of the divorce judgment, her motion was granted,
    and Gerald Molnar was ordered to comply with the provisions
    of the judgment, Victor J. Baum, J. Gerald Molnar appeals,
    alleging that the death of the child frustrates the purpose of
    the provision and that he is entitled to relief from the judg-
    ment. *Held:*

    The property settlement provision was made for the benefit
    of the child and this benefit was known by the parties at the
    time the divorce judgment was entered. This purpose was
    basically frustrated by the death of the child. The doctrine of
    frustration of purpose is applicable under these circumstances.
    The death of the child triggers the sale provisions of the
    judgment; therefore, the home should be sold in accordance
    with the terms of the judgment.

    Reversed and remanded.

1. Divorce — Property Settlements — Modification of Judgment.
    Generally, the property settlement provisions of a divorce judg-
    ment are subject to judicial modification only upon a showing
    of fraud; however, the Court of Appeals, in reviewing equity
    cases *de novo,* may modify otherwise final judgments to rectify

References for Points in Headnotes
[1] 5 Am Jur 2d, Appeal and Error § 868.
   24 Am Jur 2d, Divorce and Separation §§ 885, 896, 941.
[2, 3] 17 Am Jur 2d, Contracts § 401.

mistakes, clarify and interpret ambiguities, or to alleviate inequities when necessitated by fairness.

2. CONTRACTS — FRUSTRATION OF PURPOSE.

The doctrine of frustration of purpose may be applied to relieve a party of his contractual obligations where: (1) the contract is at least partially executory; (2) the frustrated party's purpose in making the contract was known to both parties when the contract was made; and (3) the purpose was basically frustrated by an event not reasonably foreseeable at the time the contract was made, the occurrence of which event was not the fault of the frustrated party and the risk of which event was not assumed by the frustrated party.

3. DIVORCE — CONTRACTS — FRUSTRATION OF PURPOSE — PROPERTY SETTLEMENTS.

The doctrine of frustration of purpose may be applied to a property settlement provision of a divorce judgment where the purpose of the provision was basically frustrated by an event unforeseeable at the time the judgment was entered and which was not the fault of either party.

*Perlman, Garber & Holtz, P.C.,* for plaintiff.

*Miller & Kenny, P.C.,* for defendant.

Before: D. F. WALSH, P.J., and D. C. RILEY and R. D. KUHN,* JJ.

R. D. KUHN, J. The parties were divorced by a judgment entered on February 19, 1974. The judgment awarded custody of the minor child of the parties to the defendant wife. Plaintiff was ordered to pay for the support of the child and for the child's reasonable medical expenses. Additionally, the judgment provided:

"IT IS FURTHER ORDERED AND ADJUDGED, that the marital home of the parties hereto, * * * shall hereafter be owned by the parties hereto as tenants-in-common, without the right of survivorship, and that the

---

·* Circuit judge, sitting on the Court of Appeals by assignment.

same shall be continued to be occupied by the defendant Karen S. Molnar, *until she remarries or the minor child of the parties attains the age of 18 years,* whichever occurs first, whereupon the house shall be sold and the net proceeds divided equally between the parties; and that in the interim each of the parties hereto shall pay one-half (1/2) of the mortgage payments, taxes and insurance, and utilities on such marital home." (Emphasis added.)

On March 9, 1979, the 11-year-old son of the parties died. Thereafter, plaintiff ceased making his one-half payments on the mortgage, taxes, insurance and utilities on the former marital home. Defendant brought a motion in the trial court for enforcement of the judgment. Without taking testimony the trial court granted defendant's motion and an order was entered directing plaintiff to comply with the provisions of the judgment. Plaintiff appeals.

Plaintiff argues that the death of the minor child of the parties frustrates the purpose of the judgment provision and that he is thereby entitled to abatement.

It is well-established that an appellate court's authority to modify the property settlement provisions of a divorce judgment is limited. The general rule has been that such judgments are subject to judicial modification only upon a showing of fraud. *Lytle v Lytle,* 319 Mich 47; 29 NW2d 138 (1947), *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1959), *Edgar v Edgar,* 366 Mich 580; 115 NW2d 286 (1962). However, it is also well-settled that this Court has inherent power, in reviewing equity cases *de novo,* to modify otherwise final judgments on a somewhat wider array of permissible bases. In *Alexander v Alexander,* 103 Mich App 263, 266-

267; 303 NW2d 202 (1981), we reviewed these cases, stating:

"In *Firnschild v Firnschild,* 67 Mich App 327, 329; 240 NW2d 790 (1976), this Court held property settlements to be subject to judicial modification only upon a finding of fraud. See, also, *Edgar v Edgar,* 366 Mich 580; 115 NW2d 286 (1962). However, in *Dougherty v Dougherty,* 48 Mich App 154, 158; 210 NW2d 151 (1973), the Court noted a wider array of permissible bases for modifications of otherwise final judgments:

" 'Property settlements may be revised for fraud or like reasons. *Lytle v Lytle,* 319 Mich 47; 29 NW2d 138 (1947); *Greene v Greene,* 357 Mich 196; 98 NW2d 519 (1,959). Modification may also be permitted to rectify mistakes or clarify and interpret ambiguities. *Igrison v Igrison,* 369 Mich 314; 119 NW2d 605 (1963), *Mitchell v Mitchell,* 307 Mich 366; 11 NW2d 922 (1943). Significantly, inequities are alleviated by permitting revision of otherwise final property settlements when such is necessitated by fairness. *Paul v Paul,* 362 Mich 43; 106 NW2d 384 (1960), *Ross v Ross,* 24 Mich App 19; 179 NW2d 703 (1970). See, generally, GCR 1963, 528.'

"See, also, *Chisnell v Chisnell,* 99 Mich App 311; 297 NW2d 909 (1980), upholding the modification of an ambiguous final property settlement, to specify which party should arrange and consummate the sale of certain marital real property. However, as noted in *Irwin v Irwin,* 85 Mich App 576, 578; 272 NW2d 328 (1978), and *Chisnel* 'this Court will clarify and interpret property settlements only when the substantive rights of the parties are not changed'."

The principles set forth in *Paul v Paul, supra,* and *Ross v Ross, supra,* convince us that the application of the frustration of purpose doctrine is both fair and equitable in the circumstances of this case. While the frustration of purpose doctrine is relatively recent in Anglo-American law, having its origin at the turn of the century, it is well-established in both England and the United States.

*Krell v Henry,* 2KB 740 (1903). See Comment: *Contracts, Frustration of Purpose,* 59 Mich L Rev 98 (1960).

The frustration of purpose doctrine has been applied in diverse fact situations. Throughout these cases there appear certain common limitations upon the use of the doctrine, applicable to any case. Before the courts will allow a party to avail himself of the doctrine of frustration of purpose the following must be present: (1) the contract must be at least partially executory; (2) the frustrated party's purpose in making the contract must have been known to both parties when the contract was made; (3) this purpose must have been basically frustrated by an event not reasonably foreseeable at the time the contract was made, the occurrence of which has not been due to the fault of the frustrated party and the risk of which was not assumed by him.

On the facts before us, we find that the property settlement was, in fact, for the benefit of the deceased minor child and that this benefit was known at the time that the judgment herein was entered. The purpose of the judgment was basically frustrated by the death of the child, an event unforeseeable at the time of judgment and not the fault of either party.

We find no Michigan authority on point, but we acknowledge that the principle herein has been applied in at least one other state. In *Spaulding v Morse,* 322 Mass 149; 76 NE2d 137 (1947), a divorcing couple executed a trust agreement in connection with their divorce. The father was to pay $100 per month for the support and education of his minor son until the son entered college at which time the payments were to be increased to $2,200 yearly for four years thereafter. The day after the

son completed high school, however, he was inducted into the United States Army. The trustee sued the father for specific performance of the terms of the trust, seeking to compel a contribution of payments of $100 per month while the son was in the Army. The court found that the parties had stated the purpose of their agreement, to provide for the son's support and education, and that the son's induction into the service frustrated this purpose. The court concluded that the proper construction of the trust agreement was that the father was not obligated to provide $100 per month for his son's maintenance and education while the son was in the armed forces.

We conclude that the changed circumstances fundamentally altered the positions of the parties vis-à-vis the divorce judgment and frustrated the purpose for which the property settlement portion of the judgment was entered. On the facts before us, we find that the death of the minor child triggers the sale provisions of the divorce judgment and that the house should be sold forthwith in accordance with the terms of the judgment.

Reversed and remanded for proceedings consistent with this opinion.